WILBUR G. SMITH v. SWIFT & COMPANY AND SECURITY MUTUAL CASUALTY COMPANY.

(Filed 15 December, 1937.)

1. **Master and Servant §§ 41, 42—Where partially disabled employee obtains other work, he is entitled to only 60 per cent of difference between new wage and wage before disability.**

Claimant was paid for total temporary disability under agreement of the parties, and thereafter, upon a hearing to determine whether total disability had terminated, an award was entered granting claimant compensation for partial permanent disability for the maximum period allowed by the statute, from which award neither party appealed. Thereafter claimant secured other employment and defendants filed petition to terminate payments for partial permanent disability, and introduced evidence of claimant's other employment, but no evidence relating to change of physical condition of claimant. *Held:* The fact that claimant entered the employment of another employer constitutes a "change of condition" as contemplated in sec. 46 of the Compensation Act (8081 [bbb]), and claimant was entitled as a matter of law only to 60 per cent of the difference between his average weekly wage in his new employment and his larger average weekly wage before the disability, secs. 2 (i) and 30 of the act (N. C. Code, 8081 [ll]). There was no evidence of "serious facial or head disfigurement under sec. 31 (N. C. Code, 8081 [mm]).

2. **Master and Servant § 55d—**

The failure of the Industrial Commission to reduce partial permanent disability compensation to 60 per cent of the difference between the employee's average weekly wage before disability and his wage upon securing new employment is error of law and reviewable.

APPEAL by claimant from *Grady, J.,* at Chambers in Wilmington, 19 February, 1937. From BRUNSWICK. Affirmed.

*Burney & McClelland for claimant, appellant.*
*Carr, James & LeGrand for defendants, appellees.*

SCHENCK, J.   This is a proceeding under The North Carolina Work-men's Compensation Act, chapter 120, Public Laws 1929, N. C. Code of 1935 (Michie), section 8081 (h) *et seq.*   The claimant was injured on 16 February, 1933, when the automobile he was driving wrecked, causing an injury to his nose, lacerations on his right arm and separation of the sacro-iliac joint.   As a result of said injury, the defendants paid claimant for temporary total disability under the provisions of an agree-ment dated 18 March, 1933, based upon an average weekly wage of $28.00, until September, 1934, at which time defendants requested a hearing for the purpose of determining whether the total disability had terminated, and, if so, the extent of the partial permanent disability of the claimant.   This hearing was granted, and on 28 September, 1934, it was determined that plaintiff's total disability had terminated on 14 July, 1934, and the claimant was allowed 30 per cent partial perma-nent disability of a general nature, amounting to $5.04 per week for 300 weeks, less the number of weeks for which claimant was paid com-pensation for total disability.   The defendants and claimant accepted the provisions of this award without any appeal therefrom.

On 15 February, 1936, defendants filed petition to have terminated the payments for partial permanent disability for the alleged reason that the claimant, Wilbur G. Smith, when injured as an employee of Swift & Company received a weekly salary of $28.00 per week, and since December, 1934, claimant as an employee of the Southern Oil Transportation Company has received a salary of approximately $28.00 per week.   Upon this petition hearing was had before Commissioner Jurney on 25 July, 1936, "at which time it was admitted that Mr. Smith entered the employ of the Southern Oil Transportation Company on or about 16 December, 1934, and that he remained in this employment until on or about 4 February, 1936, receiving for his services a weekly salary of approximately $26.80 per week; that during this period of time he received compensation for his injury on 15 February, 1933, of $5.04 per week."   It further appears that "the Commissioner finds as a fact that the defendants were paying the claimant for total disability, up until the award of Commissioner Wilson in September, 1934, during which time he was totally disabled; that thereafter his compensation was reduced to 30 per cent, or $5.04 a week, and the claimant remained out of em-ployment until December, 1934, sustaining himself upon the $5.04 per week.   In December, 1934, claimant, through his own efforts, was suc-cessful in procuring another job that paid him approximately $28.00 per week, where he continued to work, as shown by the evidence offered at this hearing, until February, 1936.   This Commissioner is of the opinion that if the claimant were suffering from a 30 per cent general disability in September, 1934, it being of a permanent nature, the fact that he procured work that paid him approximately the same wage that he was

receiving before the injury, which in all probability he carried on under pain as the result of his physical disability, and was able to earn a living, which the compensation of 30 per cent did not afford, the hearing Commissioner is of the opinion that he should not be denied compensation heretofore awarded. . . . Furthermore, the Commissioner finds that in the hearing at Wilmington, 25 June, the defendants offered no evidence of a medical nature showing that there had been a change in the physical condition of the claimant, but defendants sought to use an entirely different 'yardstick' than used in September, 1934, before Commissioner Wilson, and used the 'yardstick' of earnings, rather than determining of the physical condition, the inference being that because he was earning more money that his physical condition had improved. There was no medical evidence to show, however, what pain the claimant had suffered in earning that money occasioned by the original injury.

"Therefore, the Commissioner finds as a fact that there has been no change of condition of the claimant justifying any change in the award of Commissioner Wilson made in September, 1934."

Upon appeal by defendants to it, the Full Commission found as a fact that "there is no medical evidence that there has been a physical change in the claimant's condition. There is the evidence that there has been a financial or employment change of the claimant," and states that "the only real question is: Has there been a change in condition within the meaning of section 46? The answer is that there has been no change in the claimant's physical condition, but fortunate improvement in his economic status," and concludes its opinion thus: "The Full Commission affirms the findings of fact, conclusions of law, and the award of the hearing Commissioner. The appeal is dismissed and the defendants will pay the cost of this hearing."

From the judgment of the Full Commission dismissing the appeal to it, the defendants appealed to the Superior Court.

The case came on for hearing before Grady, J., holding the February Term, 1937, of New Hanover, and by consent judgment was rendered at chambers at Wilmington, 19 February, 1937. The judgment is in part as follows: "The court is of the opinion that the defendants are entitled to have the award of 28 September, 1934, modified so that the weekly allowance to be paid to claimant shall be 60 per centum of the difference between his former and his latter weekly wage; and this modification should apply from the beginning of claimant's second employment, to wit, 16 December, 1934. This cause is remanded to the Commission with direction that it enter an order in conformity with this judgment."

From this judgment claimant appealed to the Supreme Court, assigning as error the signing of said judgment.

It will be observed that section 2 (i) of the Workmen's Compensation Act, N. C. Code of 1935 (Michie), section 8081 (i), in defining dis-

ability states that "The term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or *any other employment."*

Section 30 of the Compensation Act, N. C. Code of 1935 (Michie), sec. 8081 (ll), is as follows: "Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury *is partial,* the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such disability, *a weekly compensation equal to 60 per centum of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter,* but not more than eighteen dollars a week, and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of injury. In case the partial disability begins after a period of total disability, the latter period shall be deducted from the maximum period herein allowed for partial disability."

We are of the opinion that the admission made at the hearing before Commissioner Jurney that the claimant "entered the employ of the Southern Oil Transportation Company on or about 16 December, 1934, and that he remained in this employment until on or about 4 February, 1936, receiving for his services a weekly salary of approximately $26.80 per week," establishes "a change of condition" of the claimant since the award of 28 September, 1934. The incapacity of the claimant for work was partial, his average weekly wage before injury was $28.00 per week, and the average weekly wage he was able to earn after his injury was (according to admission and findings of fact) $26.80 per week, and under the provision of the statute that "the employee shall pay, or cause to be paid . . . to the injured employee, during such disability, a weekly compensation of 60 per cent of the difference between his average weekly wage before the injury and the average weekly wages which he was able to earn thereafter," it followed as a matter of law that there was a change in his condition as contemplated in sec. 46 of the Compensation Act (N. C. Code, 8081 [bbb]), and that the award of 28 September, 1934, should have been diminished to comply with section 30. This the award of the Full Commission failed to do, and in such failure there was an error of law, reviewable by the Superior Court.

There is no evidence upon which the claimant's claim could be brought within the provisions of section 31 of the Compensation Act (N. C. Code, 8081 [mm]) by reason of "serious facial or head disfigurement," or otherwise.

The judgment of the Superior Court remanding the case to the Commission that an order may be made in accord with section 30 of the Compensation Act is affirmed.

Affirmed.