GEORGE MURRAY v. NEBEL KNITTING COMPANY AND MARYLAND CASUALTY COMPANY.

(Filed 23 November, 1938.)

**Master and Servant § 42—Commission has jurisdiction to review award and alter compensation only upon a "change in condition."**

The Industrial Commission is given authority to review an award and end, diminish or increase the compensation previously awarded only when there has been a "change in condition" of the claimant, sec. 46, ch. 120, Public Laws of 1929; Michie's Code, 8081 (bbb), and when an award has been entered for total disability for a certain length of time, and for partial disability thereafter for a total of three hundred weeks, sec. 30, ch. 120, Public Laws of 1929, Michie's Code, 8081 (ll), the Industrial Commission may not, upon a review of the award on claimant's application prior to the payment of the last installment of the award, increase the award of compensation to that allowed for total disability, sec. 29, ch. 120, Public Laws of 1929; Michie's Code, 8081 (kk), upon its finding that claimant was unable to earn any appreciable sum by his labor, when the Commission also finds that at the time of the review of the award claimant's condition was unchanged and that he was at that time only 50 per cent disabled.

APPEAL by claimant from *Hamilton, J.,* at October Term, 1938, of MECKLENBURG. Affirmed.

*Wilson H. Price, Sr., for claimant, appellant.*
*J. F. Flowers and W. C. Ginter for defendants, appellees.*

SCHENCK, J. This is a proceeding under the North Carolina Workmen's Compensation Act, chapter 120, Public Laws 1929, and amendments thereto, North Carolina Code of 1935 (Michie), sections 8081 (h), *et seq.* The claimant, George Murray, was injured on 10 July, 1931, by an accident (a fall) arising out of and in the course of his employment by the Nebel Knitting Company, and suffered severe contusions and sprains of the right thigh and sprain of muscles of the lower back. The Maryland Casualty Company is the insurance carrier.

The claimant after proper hearings was awarded compensation by the Commission for total disability for 88 weeks, and for 50 per cent partial disability for 212 weeks, making a total period of 300 weeks. A few weeks before the expiration of the 212 weeks, namely, on 22 March, 1937, the claimant filed a petition to reopen the case and requested the Commission to modify its former awards, and to find that the claimant had been totally disabled since he was first injured and to make an award allowing him full compensation for total disability for an additional 100 weeks. After hearings on 18 May, 1937, and on 25 February, 1938, the hearing Commissioner found the following facts:

"1. The parties to this cause are bound by the provisions of the Workmen's Compensation Act. The Maryland Casualty Company is the insurance carrier.

"2. The agreement entered into by the parties to this cause and referred to in the history of this case, on 25 August, 1931, speaks the truth as to the occurrence of the accident, the average weekly wage, etc., and compensation under this agreement either for total or permanent partial disability has been paid in the amount of about $2,100 and medical and hospital bills in the amount of about $185.00.

"3. The plaintiff has been paid compensation for total disability for a period of 88 weeks. He has been paid compensation for a period of 212 weeks for partial disability, making a total of 300 weeks. Compensation for partial disability for some three to seven weeks, the amount unpaid when the claimant requested his last hearing on 22 March, 1937, has been paid following the hearing at the request of the Commissioner, and without prejudice to the rights of the plaintiff since the defendants admitted owing him the few weeks' balance and since the plaintiff needed the money. (Let's bear in mind that at the time of the last request for

reopening in this case the plaintiff had due him just a few weeks compensation under former awards.)

"4. From the physical point of view based on testimony and reports of doctors who have examined and treated this plaintiff, there has been no change in his physical condition. He is at this time 50 per cent disabled and has been 50 per cent disabled or about 50 per cent disabled during the past several years.

"The plaintiff has made an effort on two occasions to work during the past four or five years. He was unable to do any heavy work and barely able to do the work undertaken. (He tried to cook for a short while and he picked up trash and did yard work for a Charlotte lawyer on one occasion.)

"5. The plaintiff has not been able since he was injured to carry on continuously a substantially gainful occupation. He has not been able to compete in the labor market with men physically sound. He has been handicapped at least to the extent of 50 per cent on account of his physical disability.

"6. The plaintiff has earned only $6.00 at work during the past four or five years.

"7. The plaintiff has not been as industrious in seeking work as was Mr. Smith in *Smith v. Swift & Co.,* 212 N. C., 608.

"8. There is evidence in the record that the plaintiff has been totally disabled except for the few days' work he did immediately following the accident, since he was injured in July, 1931. The greater weight of the evidence, however, from the medical experts persuades us to find that the plaintiff has been no more than 50 per cent disabled since 1 May, 1931."

Upon the foregoing findings, the hearing Commissioner concluded as a matter of law: "Taking into consideration *Smith v. Swift & Co.,* 212 N. C., 608, the plaintiff is again totally disabled in our opinion and we believe sufficient findings have been made to warrant such a conclusion. He hasn't earned any money. He can't compete in the labor market. He has been paid 300 weeks. We believe he is entitled to be paid compensation for total disability for an additional 100 weeks, making the total 400 weeks provided in such cases under the provisions of our act," and entered an award directing the defendants "to pay the plaintiff compensation for total disability beginning when the last payments were made for partial disability and to continue to pay for total disability not to exceed 400 weeks, less the 300 weeks which has already been paid."

Upon appeal by the defendants to it, the Full Commission adopted the findings of fact and conclusions of law of the hearing Commissioner and

affirmed the award made by him.   From this action of the Full Commission the defendants appealed to the Superior Court.

Upon the appeal to it, the Superior Court adopted the findings of fact but reversed the conclusions of law of the Full Commission and entered judgment that "the award of the Industrial Commission in this case be vacated and set aside, and an entry or order by the Commission be made in conformity with this judgment," to which judgment the claimant reserved exception and appealed to the Supreme Court.

The question presented by this appeal is whether the case is governed by sec. 29 of ch. 120, Public Laws 1929 (N. C. Code, 1935 [Michie], sec. 8081 [kk]), or by sec. 30 of ch. 120, Public Laws 1929 (N. C. Code, 1935 [Michie], sec. 8081 [ll]).

The former section (sec. 29) reads: "Where the incapacity for work resulting from the injury is *total,* the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total disability, a weekly compensation equal to 60 per centum of his average weekly wages, but not more than eighteen dollars, nor less than seven dollars, a week; and in no case shall the period covered by such compensation be greater than *four hundred weeks,* nor shall the total amount of all compensation exceed six thousand dollars   .   .   ."

The latter section (sec. 30) reads: "Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury is *partial,* the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such disability, a weekly compensation equal to 60 per centum of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than eighteen dollars a week, and in no case shall the period covered by such compensation be greater than *three hundred weeks* from the date of injury.   In case the partial disability begins after a period of total disability, the latter period shall be deducted from the maximum period herein allowed for partial disability."

It is apparent from the findings of fact that the claimant was being paid under the provisions of sec. 30, ch. 120, Public Laws 1929, for partial disability, on 22 March, 1937, when he filed his last petition to reopen the case and to increase the compensation previously awarded upon the basis of partial disability to compensation upon the basis of total disability for an additional 100 weeks.   The only method by which such a change in the award could be made is that provided by sec. 46, ch. 120, Public Laws 1929 (N. C. Code, 1935 [Michie], sec. 8081 [bbb]), which reads: "Upon its own motion or upon the application of any party in interest on the grounds of a *change in condition,* the Industrial Commission may review any award, and on such review make an

award ending, diminishing, or *increasing* the compensation previously awarded, subject to the maximum or minimum provided in this article, and shall immediately send to the parties a copy of the award. . . ."

It is clear from the statute that before the Commission may review any award, "and on such review make an award . . . increasing the compensation previously awarded," there must exist "a change in condition." From the findings of fact adopted by the Commission, no "change in condition" of the claimant appears, but, on the contrary, it is found that "there has been no change in his physical condition. He is at this time 50 per cent disabled and has been 50 per cent disabled or about 50 per cent disabled during the past several years," and "the greater weight of the evidence, however, from the medical experts persuades us to find that the plaintiff has been no more than 50 per cent disabled since 1 May, 1931" (evidently meant to be 1933).

We therefore hold that his Honor was correct in holding as a matter of law "that the facts found do not establish such 'a change of condition' of the claimant as to justify an award of compensation 'for total disability for an additional one hundred weeks' or for any other time additional, but that the claimant already has been fairly compensated under the provisions of the Workmen's Compensation Act applicable to 'total' and 'partial' incapacity."

There is no conflict in our holding in this case and in the case of *Smith v. Swift & Co.,* 212 N. C., 608. In the *Smith case, supra,* it appeared from the facts found that there had been a change in the condition of Smith in his ability to earn wages since the last award, and therefore the defendants were entitled under the apposite statutes to have the award previously made diminished. In the instant case, while the claimant has earned only $6.00 since his injury, it appears from the findings of fact that there has been no change in his condition nor has he ever been more than 50 per cent disabled since 1 May, 1933.

The judgment of the Superior Court is
Affirmed.