HAROLD L. DAIL, EMPLOYEE, v. THE KELLEX CORPORATION, EMPLOYER, AND TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 11 April, 1951.)

**1. Master and Servant § 40a (1)—**

Disability as used in the Workmen's Compensation Act is to be measured by the employee's capacity or incapacity to earn the wages he was receiving at the time of the injury, and a general physical disability not resulting in loss of wages is not compensable under the Act. G.S. 97-2 (i).

**2. Master and Servant § 47—**

Where at the time of the hearing the employee has returned to work, and the Industrial Commission awards him compensation for the amount of wages that he has lost as a result of the injury it has discharged its

DAIL v. KELLEX CORP.

full duty and has no authority to retain jurisdiction upon its finding that the employee had suffered a general disability which might in the future result in loss of wages. G.S. 97-30. *Branham v. Panel Co.*, 223 N.C. 233, distinguished.

APPEAL by plaintiff from *Burney, J.*, November Term, ONSLOW.

Claim for compensation under the Workmen's Compensation Act.

On 27 June 1947, plaintiff, while in the employ of defendant Kellex Corporation, suffered an injury by accident which arose out of and in the course of his employment. He and his employer entered into an agreement for the payment of compensation which was duly approved by the Industrial Commission. Payments were made as stipulated in the agreement until 5 January, 1948, on which date plaintiff returned to work.

Thereafter plaintiff quit his employment with the Kellex Corporation, accepted employment with and is now employed by the State of North Carolina.

On 13 November 1948, plaintiff requested the Commission to reopen his claim to determine the amount of additional compensation, if any, to which he was entitled. The claim was reopened and a hearing had. At the hearing it was made to appear that plaintiff, due to his injury, had suffered a loss of wages from 23 August to 18 September 1948 and three days in November 1948. He had also incurred certain expenses for medical treatment, etc. Except for the period stated, he has been regularly employed and has suffered no loss of wages.

It was also made to appear that his injuries have produced a "chronic and permanent" physical condition "of a general nature" which has resulted in a twenty per cent physical disability which may in the future cause further loss of wages.

The Commission made an award to compensate plaintiff for loss of wages during the period he was unable to work and for expenses incurred.

The award also included the following finding of fact:

"C. That as a result of the condition hereinbefore mentioned which resulted naturally and unavoidably from the injury by accident which the plaintiff suffered on June 27, 1947, said plaintiff has a twenty per cent permanent partial disability of a general nature."

It also included conclusions of law as follows:

1. ". . . that if at any time within three hundred weeks from the date of the injury by accident the plaintiff, as a result of said injury by accident or as a result of the disease caused naturally and unavoidably by said accident, is totally disabled for any period of time and does not earn any wages, that he will be entitled to compensation for temporary total disability for said period and that if as a result of said injury by accident

the plaintiff is partially disabled and does not earn wages equal to the average weekly wage which he was receiving at the time he suffered his injury by accident, that he will be entitled to compensation as set out in G.S., Paragraph 97-30, above quoted."

2. ". . . the Industrial Commission has jurisdiction of said case in connection with any change in the plaintiff's physical disability or ability to earn wages for a period of three hundred weeks from the date of the injury by accident. BRANHAM v. DENNY ROLL & PANEL Co., 223 N.C. 233."

The defendant excepted and appealed to the Superior Court. On the hearing in the court below the trial judge concluded:

(1) There is no sufficient evidence in the record to support a finding that the plaintiff has an incapacity for work resulting from the injury which is either permanent or partial within the purview of G.S. 97-30; (2) the facts found by the Commission do not support the conclusion that the Commission has jurisdiction of this claim for a period of three hundred weeks in connection with any change in plaintiff's physical disability or ability to earn wages; and (3) the Commission is without authority to find as a fact that plaintiff has "a disability of a general nature" and that such finding does not confer upon the Commission jurisdiction in this case for a period of three hundred weeks.

Thereupon judgment was entered affirming the specific award made and ordering stricken from the award the quoted provisions thereof through which the Commission undertook to retain jurisdiction of the claim for a period of three hundred weeks. Plaintiff excepted and appealed.

*Guy Elliott for plaintiff appellant.*
*Thos. J. White for defendant appellees.*

BARNHILL, J. The Industrial Commission found as a fact that plaintiff has suffered no loss of wages for which he has not been compensated except during the period from 23 August to 18 September 1948 and three days in November 1948. For this additional loss compensation was awarded. But the Commission further found that plaintiff has a twenty per cent permanent partial disability of a general nature which may in the future develop into a compensable disability, and undertook to retain jurisdiction for three hundred weeks pending future developments. In this the Commission exceeded its jurisdiction.

The disability of an employee because of an injury is to be measured by his capacity or incapacity to earn the wages he was receiving at the time of the injury. *Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865; *Anderson v. Motor Co., ante,* p. 372. Loss of earning capacity is the

criterion. If there is no loss of earning capacity, there is no disability within the meaning of the Act.

The function of the Industrial Commission in respect of plaintiff's claim was to determine whether and to what extent he had suffered a disability within the meaning of the Workmen's Compensation Act and to make an award either granting or denying compensation as the evidence might warrant. This it has done and in so doing it discharged its full duty.

There is nothing in the statute, G.S. Chap. 97, that contemplates or authorizes an anticipatory finding by the Commission that a physical impairment may develop into a compensable disability. Neither does the statute vest in the Commission the power to retain jurisdiction of a claim, after compensation has been awarded, merely because some physical impairment suffered by the claimant may, at some time in the future, cause a loss of wages. The Commission is concerned with conditions existing prior to and at the time of the hearing. If such conditions change in the future, to the detriment of the claimant, the statute affords the claimant a remedy and fixes the time within which he must seek it. G.S. 97-47.

*Branham v. Panel Co., supra,* is cited by the Commission and relied on by plaintiff as authority for the order asserting and retaining jurisdiction of the plaintiff's claim. But that decision is bottomed on a substantially different factual situation. It is not controlling here.

The plaintiff has been awarded compensation for the disability he was able to establish at the hearing. This award was affirmed by the court below. Thus he has recovered in full the compensation to which he was entitled.

For that reason the judgment entered is

Affirmed.