LELAND ROBERT HARRIS, EMPLOYEE, v. ASHEVILLE CONTRACTING COMPANY, EMPLOYER; TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 13 October, 1954.)

**1. Master and Servant § 40c—**

Evidence tending to show that an employee, while carrying a heavy board in the course of his employment, slipped and fell, wrenching his back, together with expert testimony that the employee had a permanent partial disability of a general nature resulting from the injury to his back, *is held* sufficient to support the Commission's finding that the employee had suffered injury to his back from an accident which arose out of and in the course of his employment.

**2. Master and Servant § 53b (1)—**

While the employer's report of an accident to the Industrial Commission does not constitute a claim for compensation, a statement therein as to the employee's average weekly wage is competent upon the hearing after the filing of claim.

**3. Same—Under facts of this case employer was not prejudiced by finding of average weekly wage in amount fixed by contract at time of injury.**

Where the employer does not contend that plaintiff's employment was casual and offers no evidence as to the amount of wages earned by others engaged in similar employment in that community during the 52 weeks previous to plaintiff's injury, the employer may not object that the Com-

mission, in view of the fact that the employee had worked for the employer less than 40 hours at the time of his injury, fixed the employee's average weekly wage in accordance with the compensation under the contract of employment at the time of the injury, G.S. 97-2 (e), there being evidence that the employee had theretofore earned wages in excess of this sum for appreciable periods in other employments of like nature.

**4. Master and Servant § 53c—**

Where the Industrial Commission finds upon supporting evidence that plaintiff had suffered permanent partial disability, and awards compensation therefor, the Commission has no jurisdiction to retain the cause for 300 weeks from the date of injury to make adjustments for future fluctuations in claimants ability to work and earn wages during that period, except in unusual circumstances, since the parties have the right under G.S. 97-47 to apply to the Commission for review of the award upon changed conditions on request filed within the time prescribed by the statute.

**5. Master and Servant § 55d—**

On appeal from the Industrial Commission, the Superior Court deleted an erroneous conclusion of the Commission that it should retain the cause for 300 weeks, but otherwise affirmed the findings of fact of the Commission and its award thereon, without adding to, modifying, or changing any of the findings. *Held:* The action of the Superior Court in deleting, *ex mero motu*, the erroneous conclusion of law appearing on the face of the record does not support the contention that it exceeded its jurisdiction by modifying the award.

APPEAL by plaintiff and defendants from *Martin, Special Judge,* June Term, 1954, of BUNCOMBE.

Proceeding under Workmen's Compensation Act to determine liability of the defendants to the plaintiff employee.

In addition to the jurisdictional determination, the essential findings of the Industrial Commission follow:

1. That on and prior to 14 October, 1949, plaintiff was regularly employed by the defendant employer at an average weekly wage of $53.12, this being the amount indicated on I.C. Form 19 filed in this case by the defendant employer.

2. That on 14 October, 1949, plaintiff was carrying one end of a heavy green oak board while about his employer's business and fell when his feet slipped, wrenching and straining his back; that he sustained an injury by accident arising out of and in the course of his employment.

3. That plaintiff was temporarily totally disabled on account of his injury from 14 October, 1949, until 1 December, 1949, and from 15 July, 1950, until 15 September, 1950.

4. That plaintiff drove a school bus from 1 January, 1950, until 1 June, 1950, and from 15 September, 1950, until 1 June, 1951, and was able to earn $36.50 per month, or $9.13 per week; that during this period

he supplemented his wages approximately $1.00 per week by doing sedentary work at a poolroom, so that the total weekly wages he was able to earn during the above period were $10.13 in the same or any other employment; that he suffered a wage loss during said period of $42.99 per week and is entitled to compensation as for temporary partial disability at the rate of $24.00 per week for said period. That from 1 June, 1950, to 15 July, 1950, plaintiff did light work at a drink and refreshment stand at the Carolina Hemlock Camp and during said period was able to earn on an average of only $12.00 per week; that said sum was all plaintiff was able to earn in the same or any other employment during said period; that his average weekly wage loss for that period was $41.12, and for such temporary partial disability he is entitled to compensation at the rate of $24.00 per week.

5. That plaintiff reached his maximum improvement on or about 1 January, 1950, and now has a fifteen per cent impairment of function and loss of use of his back on account of his injury; that he did resume light work suitable to his impaired physical condition on 1 January, 1950; that no work of any kind has been tendered to him by defendant employer so that it became necessary for him to seek such employment as he could find and do; that his impairment of function and loss of use of the back has resulted in a permanent partial incapacity to work and is responsible for the wage losses plaintiff has sustained and was sustaining on the date of the hearing.

Upon the above findings the Commission awarded compensation and ordered that the cause be retained for three hundred weeks from the date of the injury for such future adjustments as may be necessary by reason of any fluctuations in claimant's ability to work and earn wages during said period.

The defendants appealed to the Superior Court and filed numerous exceptions to the Commission's findings of fact and conclusions of law. The court below held that the Commission's findings of fact were supported by competent evidence and that the conclusions of law and the award based thereon dated 6 January, 1953, to which exceptions had been entered, should be affirmed and overruled all the defendants' exceptions and assignments of error. However, his Honor, *ex mero motu,* modified the order of the Commission by striking therefrom that portion which purported to retain jurisdiction of the cause for three hundred weeks, but in all other respects affirmed the findings of fact, conclusions of law, and the award of the Commission. Plaintiff and defendants appeal, assigning error.

*Bill Atkins and Charles Hutchins for plaintiff.*
*Uzzell & DuMont for defendants.*

DENNY, J. The defendants challenge the correctness of the ruling of the lower court in overruling their exception to the Commission's finding of fact that the plaintiff had suffered injuries to his back from an accident which arose out of and in the course of his employment.

The exception is without merit. The finding is supported by competent evidence. Moreover, the physician who was a witness for the defendants and who had examined the plaintiff and made a medical report on his condition to the Commission, testified that the plaintiff had fifteen per cent permanent disability of a general nature resulting from the injury to his back.

The defendants also except to and assign as error the overruling of their exception to the finding of fact by the Commission that the plaintiff's average weekly wage was $53.12.

It is true, according to the record, the plaintiff had worked less than forty hours for the defendant employer at the time of his injury. Nevertheless, the plaintiff testified that he had worked for contractors driving a truck, operating a caterpillar tractor, or shovel, prior to accepting the job with the defendant employer, and had received $1.25 per hour for eight hours per day and time and a half for overtime; that he was employed by the defendant employer to work ten hours a day for five and one-half days per week at 85c per hour and time and a half for all over forty hours. That he was promised $1.10 an hour when he became an operator (presumably of a truck, tractor or steam shovel). Furthermore, the defendant employer in making its report of the accident to the Commission, certified that the plaintiff's wages were 85c an hour, $8.50 a day; that the number of days worked per week were five and one-half; and that his average weekly wages, including overtime, were $53.12. This report was introduced in evidence without objection.

While we have held that reporting an accident to the Industrial Commission, as required by law, does not constitute a claim for compensation, *Whitted v. Palmer-Bee Co.,* 228 N.C. 447, 46 S.E. 2d 109, we know of no reason why the information contained in such report, with respect to wages paid by the employer, should not be admitted as evidence when a claim for compensation is filed and a hearing is held pursuant thereto.

It is provided in G.S. 97-2 (e): "Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, results fair and just to both parties will be thereby obtained. Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which

during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community. But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury."

The defendants, in the hearing before the hearing commissioner, did not challenge the accuracy of the plaintiff's evidence with respect to his wages, or the correctness of the defendant employer's report as to his average weekly wages. Neither is there any suggestion that the employment of the plaintiff was of a casual nature. However, they contend the Commission did not take into consideration the average weekly amount which, during the fifty-two weeks previous to the injury, was being earned by a person of the grade and character, employed in the same class of employment, in the same locality or community. We think the contention is without merit. The defendants offered no evidence bearing on the wages of the plaintiff at the time of his injury, or as to what others had earned during the fifty-two weeks previous to plaintiff's injury who were engaged in similar employment in that community. Therefore, it would seem that the contract existing between the parties with respect to plaintiff's compensation, at the time of his injury, would most nearly approximate the amount which he would be earning had he not been injured. G.S. 97-2 (e). There is nothing in the record to indicate that the finding of the Commission, with respect to the wages of the plaintiff, is not fair and just to both parties. The exception is overruled.

The defendants' exceptions Nos. 22 and 24, upon which they base their assignments of error so numbered, are (1) to the striking out of the award that portion which provided for the retention of jurisdiction of the cause for three hundred weeks; and (2) that the modification of the award should not prejudice the plaintiff or the defendants with respect to their rights under G.S. 97-47.

The modification of the award made by the court below was proper. The Industrial Commission is without jurisdiction to retain this cause for three hundred weeks. In the case of *Branham v. Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865, the employer retained the injured employee and gave him light work and paid him the same wages he had earned previous to his injury. No such arrangement exists in the present case.

In the *Branham case*, this Court, speaking through *Barnhill, J.*, now *Chief Justice*, in approving the retention of jurisdiction by the Commission for three hundred weeks, gave the reason therefor in the following language: "To protect the employee against the possibility that the employer might, after the expiration of 12 months, sec. 24 (now codified as

G.S. 97-24), discontinue employment and thus defeat the rights of the employee . . ." *Dail v. Kellex Corp.,* 233 N.C. 446, 64 S.E. 2d 438.

The parties to this appeal are expressly authorized by statute, G.S. 97-47, to apply to the Commission to review the award made in this proceeding, if there is a change in the condition of the plaintiff; provided, the request for such review is made within the time prescribed by the statute. *Murray v. Nebel Knitting Co.,* 214 N.C. 437, 199 S.E. 609; *Knight v. Ford Body Co.,* 214 N.C. 7, 197 S.E. 563; *Smith v. Swift & Co.,* 212 N.C. 608, 194 S.E. 106.

We have carefully examined the remaining exceptions and assignments of error of the defendants and no prejudicial error is made to appear.

### PLAINTIFF'S APPEAL.

Plaintiff's assignment of error No. 1 is based on an exception to the modification of the award. We have discussed and disposed of that question on the defendants' appeal.

Plaintiff also assigns as error in that "the trial court undertook to, in his judgment, materially to change the findings of fact, award and opinion of the North Carolina Industrial Commission without authority of law."

The trial judge affirmed each and every finding of fact and conclusion of law to which the defendants entered an exception on their appeal to the Superior Court. He likewise affirmed the award made by the Commission in every respect except as to the retention of jurisdiction for three hundred weeks. He found no facts, neither did he undertake to alter or modify any of the Commission's findings. He simply corrected an erroneous conclusion of law that appeared on the face of the record and which neither the plaintiff nor the defendants had challenged. This assignment of error is overruled.

The judgment of the court below as to both appeals will be upheld.

On defendants' appeal—Affirmed.

On plaintiff's appeal—Affirmed.