STOKELY EVANS v. ASHEVILLE CITIZENS TIMES COMPANY and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

(Filed 9 October, 1957.)

**1. Master and Servant § 53b (1)—**

The amount of compensation to be awarded an employee for permanent partial disability from a back injury is 60 per centum of the difference between his average weekly wages before the injury and the average weekly wages he is able to earn thereafter, G.S. 97-30, G.S. 97-31, regardless of the amount actually earned, the intent of the statute being to provide compensation only for loss of earning capacity.

**2. Master and Servant § 45—**

While the Industrial Commission may make rules for carrying out the provisions of the Workmen's Compensation Act, it has no power to promulgate a rule which is inconsistent therewith.

APPEAL by defendants from *Nettles, J.,* at February 1957 "A" Term of BUNCOMBE.

Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to claimant.

In this Court it is conceded by defendants that this is a compensable case under the provisions of the North Carolina Workmen's Compensation Act for injury by accident on 18 March, 1955.

Defendants challenge the rule applied by the Industrial Commission for the admeasurement of compensation to be allowed,—the parties having stipulated that on and prior to the date of injury plaintiff was regularly employed by defendant employer at an average weekly wage of $55.00.

In April 1956 the hearing commissioner found as a fact that on 18 March, 1955, plaintiff sustained injury by accident by reason of which he was temporarily totally disabled from 13 June, 1955 to 9 January, 1956, and is entitled to compensation during said period at the rate of $30.00 per week; that plaintiff reached the end of the healing period on 9 January, 1956, and has a 25 per cent permanent partial disability or incapacity for work resulting from his injury; that "defendant employer has not tendered plaintiff any work suitable to his condition since January 9, 1956, and plaintiff has been unable to secure same," and that he "is entitled to compensation at the rate of $30.00 per week from and after January 9, 1956, until work suitable to his capacity is tendered to plaintiff or until he obtains gainful employment or until there has been a change in his condition, for permanent partial disability, but not exceeding the limits prescribed by law." Accordant therewith the hearing commissioner made conclusions of law, and so awarded compensation.

Defendants excepted to these findings of fact, and conclusions of law, and the award made, and applied to the Full Commission for review. On such review the Full Commission adopted "as its own the findings of fact and conclusions of law" of the hearing commissioner, "together with the award based thereon," and affirmed his decision in all respects. Defendants excepted thereto, and appealed to Superior Court—assigning, among others, exceptions to the findings of fact, and conclusions of law and award as to compensation to be allowed plaintiff from and after 9 January, 1956 for permanent partial disability, as hereinabove set forth.

Upon the hearing, the presiding judge of Superior Court overruled these exceptions, and affirmed the findings of fact, conclusions of law and the award so adopted by the Full Commission.

Defendants except thereto, and assign error and appeal to Supreme Court.

*Uzzell & DuMont and Edward L. Loftin for Plaintiff Appellee.*
*Meekins, Packer & Roberts for Defendants Appellants.*

WINBORNE, C. J.    What is the correct measurement of compensation, under the North Carolina Workmen's Compensation Act, for permanent partial disability? Appellants, the defendants, contend, and we hold properly so, that the question is answered by the provisions of G.S. 97-30.    On the other hand, appellee, the plaintiff, contends that the provisions of Rule XVI adopted by the North Carolina Industrial Commission are properly applicable.

G.S. 97-30 provides that "Except as otherwise provided in G.S. 97-31 where the incapacity for work resulting from injury is partial, the

employer shall pay or cause to be paid . . . to the injured employee during such disability, a weekly compensation equal to sixty per centum of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter . . ."

(At time of the injury to back of plaintiff here involved such injury was not included in G.S. 97-31. But see Chap. 1026, Sec. 7, of 1955 Session Laws, which extended provision of G.S. 97-31, effective July 1, 1955.)

The Workmen's Compensation Act, G.S. 97-2i, provides that when used in this article, unless the context otherwise requires . . . the term "disability" means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment.

And in the light of the provisions of these statutes, this Court declared in *Hill v. DuBose,* 234 N.C. 446, 67 S.E. 2d 371, in opinion by *Devin, C. J.,* a case treating the subject of permanent partial disability, that "compensation must be based upon loss of wage earning power rather than the amount actually received" by the employee. And it is there stated that "it was intended by the statute to provide compensation only for loss of earning capacity." Therefore, in accordance with G.S. 97-30 plaintiff is entitled to receive after 9 January, 1956, the end of the healing period, a weekly compensation equal to sixty per centum of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, as set forth in *Hill v. DuBose, supra.*

The record shows findings of fact: (1) that his average weekly wages at time of injury were $55.00; (2) that plaintiff reached end of healing period on 9 January, 1956; and (3) that he has 25 per cent permanent partial disability or incapacity for work resulting from the injury.

These cases cited and relied upon by appellee: *Dail v. Kellex Corp.,* 233 N.C. 446, 64 S.E. 2d 438; *Murray v. Nebel Knitting Co.,* 214 N.C. 437, 199 S.E. 609, and *Smith v. Swift & Co.,* 212 N.C. 608, 194 S.E. 106, are distinguishable in factual situation from case in hand.

As to contention of appellee, it is true that G.S. 97-80 provides that the Commission may make rules for carrying out the provisions of the Workmen's Compensation Act, but it is expressly provided that the power may not be exercised when the rule is inconsistent therewith. Here it is seen that Rule XVI is inconsistent with G.S. 97-30.

For reasons stated above the proceeding will be remanded to the North Carolina Industrial Commission to the end that award of compensation to plaintiff may be made in accordance with this opinion.

Error and remanded.