J. FRANK TUCKER EMPLOYEE-PLAINTIFF v. FCX INCORPORATED EMPLOYER-DEFENDANT AND NATIONWIDE INSURANCE COMPANY CARRIER-DEFENDANT

No. 7718IC534

(Filed 6 June 1978)

**Master and Servant § 77.2— workmen's compensation—permanent partial disability compensation denied—order interlocutory**

The Industrial Commission's award of 28 February 1969 was an interlocutory award with respect to disability compensation rather than a final award which would invoke the one year statute of limitations under G.S. 97-47, since the award, by its own terms, indicated that some future compensation might be awarded in that the award stated that permanent partial disability compensation would not be paid to the plaintiff "at this time" and that the attorney's fee would be held in abeyance; there was no evidence that plaintiff ever signed a closing receipt indicating that the medical payment made on 30 July 1969 pursuant to the February order was a final payment which would bar his right to further compensation unless a claim for a change of condition was made within twelve months of the date of the last medical payment; and the fact that plaintiff's employer allowed him to return to work at the same salary, but without requiring him to do heavy manual labor because of a

known 40% permanent disability of a general nature, should not bar his subsequent claim for a permanent disability award during the statutory period in which compensation is allowed.

APPEAL by plaintiff from order of the North Carolina Industrial Commission entered 7 April 1977. Heard in the Court of Appeals 30 March 1978.

Plaintiff suffered a compensable myocardial infarction when he stumbled and fell while unloading roofing material from a railroad boxcar for defendant employer, FCX, Incorporated, (FCX), on 4 June 1968. Defendant Nationwide Insurance Company is the insurance carrier for workmen's compensation claims against defendant FCX.

A workmen's compensation claim was filed and on 17 July 1969, the full commission adopted the opinion and award of Commissioner Marshall which was rendered on 28 February 1969. The opinion stated that plaintiff had suffered a 40 percent partial general disability to perform manual labor; that since he was paid his regular salary by FCX while hospitalized and out of work, he was not entitled to temporary total disability compensation; that since his employer had modified his job by excluding manual labor and allowed him to continue working at his regular salary, he was not entitled to permanent partial disability compensation of a general nature "at this time"; that defendants should pay all medical expenses incurred as a result of the injury; and that the attorney fee should be held in abeyance "at this time."

Following his recovery, plaintiff returned to his job and continued to draw his regular salary. On 20 September 1973, his heart condition became worse. He was hospitalized on 30 November 1973 and was classified as being 100 percent disabled. By letter dated 8 March 1974, plaintiff's attorney advised the Industrial Commission that plaintiff had become totally disabled because of his heart condition and requested that his case be placed on the docket for a hearing on his claim for permanent, partial disability, temporary total disability, permanent total disability and medical care.

On 17 May 1976 Deputy Commissioner Roney conducted a hearing and found that plaintiff was injured on 4 June 1968 and missed approximately three months' work during which time he

---

---

received his regular salary; that on 28 February 1969 a final opinion and award which provided for medical expenses had been entered; that plaintiff returned to work following his recovery and continued to work until 30 November 1973 when his heart condition worsened and he became totally disabled; and that the last payment for medical treatment pursuant to the 28 February 1969 award was made on 30 July 1969. Deputy Commissioner Roney denied plaintiff's claim on the ground that it was barred because he had failed to file a claim pursuant to G.S. 97-47 within one year following the date of the last payment of bills for medical treatment pursuant to the final opinion and award of 28 February 1969.

On 7 April 1977, the full commission affirmed and adopted the opinion of Deputy Commissioner Roney in its entirety. Plaintiff appealed.

*Cahoon & Swisher, by Robert S. Cahoon, for plaintiff appellant.*

*Herman Winfree for defendant appellee.*

BRITT, Judge.

Plaintiff makes two assignments of error which he consolidates into one argument. He contends that the opinion of 28 February 1969 which awarded medical expenses and found that he had sufferd a compensable 40 percent permanent partial general disability to perform manual labor was not a final award within the meaning of G.S. 97-47. He argues that the award was not final because it stated that no permanent partial disability compensation was awarded at that time since his employer had allowed him to continue working after the accident at the same salary and that the attorney's fees were to be held in abeyance. He argues that the language of the award clearly contemplates that both permanent partial disability compensation and counsel fees would be awarded at a later date. We find merit in this contention.

In *Watkins v. Motor Lines,* 279 N.C. 132, 136-37, 181 S.E. 2d 588 (1971), the Supreme Court discussed G.S. 97-47 in the following manner:

Tucker v. FCX

G.S. 97-47, in pertinent part, provides: "Upon its own motion or upon the application of any party in interest on the grounds of a change of condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this article, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this article . . . ." The Commission's authority under this statute is *limited to review of prior awards,* and the statute is inapplicable in instances where there has been no previous final award. *Biddix v. Rex Mills,* 237 N.C. 660, 75 S.E. 2d 777 (1953); *Pratt v. Upholstery Co.,* 252 N.C. 716, 115 S.E. 2d 27 (1960). In such cases, jurisdiction is retained by and remains in the Commission pending a termination of the case by final award. *Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865 (1943). No statute runs against a litigant while his case is pending in court. *Hanks v. Utilities Co.,* 210 N.C. 312, 186 S.E. 252 (1936).

The issue presented by the instant case is whether the award of 28 February 1969 was a final award which is subject to the one-year statute of limitations created by G.S. 97-47.

Although research fails to reveal a case with a factual situation identical to the present case, an examination of cases requiring the determination of what is a final award is instructive. In *Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865 (1943), the plaintiff suffered a back injury which resulted in a 33⅓ percent general partial disability and prevented him from doing heavy manual labor. Seven days after the accident, plaintiff's employer allowed him to return to work in a position not involving heavy manual labor and paid him the same salary he was earning prior to the accident. The Industrial Commission order provided that plaintiff's medical bills should be paid by the employer or the insurance carrier and that plaintiff was entitled to the statutory compensation for 300 weeks from the date of the accident less such time as he was paid full wages. On appeal, the superior court

held that the Industrial Commission could not order compensation payment in the above manner.

On appeal to the Supreme Court the superior court was reversed even though the Supreme Court conceded that the plaintiff had not suffered a disability within the meaning of the act. Under the act, "wages earned, or the capacity to earn wages, is the test of earning capacity, or to state it differently, the diminution of the power or capacity to earn is the measure of compensability." *Branham v. Panel Co., supra* at 237. Since the plaintiff in *Branham* was earning the same amount of wages after the injury that he was earning prior to the injury, the court held that he failed to show any compensable injury or incapacity at the time of the award and that he was not entitled to compensation in addition to his regular salary.

However, the court stated that the Industrial Commission had not exceeded its authority by leaving the compensation award open for 300 weeks.

> To protect the employee against the possibility that the employer might, after the expiration of 12 months, sec. 24, discontinue the employment and thus defeat the rights of the employee, the commission after finding the existence of the disability, directed that an award issue subject to specified limitations. The court below entered judgment striking this provision and affirming the judgment of the commission as thus modified. The exception to the judgment challenges the correctness of this ruling. It must be held for error.

> The commission adjudged the rights and liabilities of the parties. It then directed compensation at the statutory rate "at any time it is shown that the claimant is earning less," etc., during the statutory period of 300 weeks. By this order the commission, in effect, retained jurisdiction for future adjustments. In so doing it did not exceed its authority.

*Branham v. Panel Co., supra* at 238.

In *Pratt v. Upholstery Co.*, 252 N.C. 716, 115 S.E. 2d 27 (1960), the court was faced with another situation which is analogous to the instant case. In that case plaintiff received compensation for temporary disability pursuant to an agreement ap-

Tucker v. FCX

proved by the Industrial Commission on 20 May 1957. On 20 August 1957, a medical report indicating a question existed with respect to plaintiff's permanent disability rating was submitted to and approved by the commission. On 19 August 1957, plaintiff returned to work, but was employed in a different capacity due to her injury. On 19 August 1957, plaintiff received her last temporary compensation payment which had a notation: "Final payment of temporary total disability." In April 1958 a final report indicating that she had suffered a 10 percent permanent disability of her spine which might require further treatment was submitted to and approved by the commission. However, in the spring of 1959, plaintiff was informed by the Industrial Commission that her claim for permanent disability was barred by the G.S. 97-47 statute of limitations. On appeal the superior court affirmed the commission's ruling.

Plaintiff appealed and the Supreme Court reversed the ruling of the commission and the superior court denying compensation. The court stated that the first award was a preliminary interlocutory award rather than a final award because the final medical reports were not filed, because by its terms it did not purport to fix and determine the full amount of compensation, and because the employer knew that when plaintiff returned to work the amount of permanent disability had not been determined. The Court recognized that there is a factual presumption in North Carolina that disability ends when an injured employee returns to work but noted that this presumption can be overcome by facts showing partial incapacity after a return to work. In addition, the court stated that the notation on the last compensation check that it was a final payment of temporary total disability did not make it the final payment of compensation to which plaintiff was entitled. Even though plaintiff's signature on a closing receipt which stated that it was a final settlement and that no further compensation would be paid unless request for hearing for change of condition was made within a year from the date of the receipt would have acquitted the employer, the plaintiff was never asked to sign such an agreement.

The court finally summarized its reasoning in the following manner:

> It all comes to this: The agreement presented to the Commission invoked the judicial authority of the Commis-

sion, a preliminary and interlocutory award was made by approval of the agreement, there has been no final determination of compensation, and claimant has not waived her right to such adjudication. The Commission does not exceed its authority when it retains jurisdiction for further adjustments pending final award. *Branham v. Panel Co.*, 223 N.C. 233, 238, 25 S.E. 2d 865. G.S. 97-47 is inapplicable if there has been no final award. *Biddix v. Rex Mills, supra,* at page 666.

But it is asserted that there was a change in claimant's condition within the meaning of G.S. 97-47. No case decided by this Court has come to our attention in which the factual situation here involved has been termed a "change of condition." Change of condition "refers to conditions different from those existent when the award was made; and a continued incapacity of the same kind and character and for the same injury is not a change of condition . . . the change must be actual, and not a mere change of opinion with respect to a pre-existing condition." 101 C.J.S. Workman's Compensation, sec. 854(c), pp. 211-2. Whether there has been a change of condition is a question of fact; whether the facts found amount to a change of condition is a question of law. Change of condition is a substantial change, after a final award of compensation, of physical capacity to earn and, in some cases, of earnings. *Hill v. DuBose*, 234 N.C. 446, 67 S.E. 2d 371. *Knight v. Body Co.*, 214 N.C. 7, 197 S.E. 563. *Smith v. Swift & Co.*, 212 N.C. 608, 194 S.E. 106. Changes of condition occurring during the healing period and prior to the time of maximum recovery and the permanent disability, if any, found to exist at the end of the period of healing are not changes of condition within the meaning of G.S. 97-47.

It is our opinion, and we so hold, in the instant case that G.S. 97-47 does not bar employee's claim in that, at the time she requested a hearing there had been no final award of compensation which could be ended, increased or diminished by review, no change of condition was involved, and she had not waived her right to a final adjudication.

*Pratt v. Upholstery Co., supra* at 722.

Applying the principles in the *Watkins, Branham,* and *Pratt* cases to the instant case, we conclude that the 28 February 1969

award was not a final award within the meaning of G.S. 97-47 but a preliminary, interlocutory award. By its own terms the award indicates that some future compensation may be awarded because it states that permanent partial disability compensation will not be paid to the plaintiff "at this time" and that the attorney's fee will be held in abeyance. In addition, the record does not indicate that plaintiff ever signed a closing receipt indicating that the medical payment of 30 July 1969 was a final payment which would bar his right to further compensation unless a claim for a change of condition was made within twelve months of the date of the last medical payment. In fact, there is no evidence that plaintiff was even aware of the date on which the final medical payment was made since the only testimony on that point was given by plaintiff's doctor who stated that "[t]he last record of payment for my medical care to [plaintiff] under his Workmen's Compensation Award [was] July 30, 1969." Finally, the fact that plaintiff's employer allowed him to return to work at the same salary, but without requiring him to do heavy manual labor because of a known 40 percent permanent disability of a general nature should not bar his subsequent claim for a permanent disability award during the statutory period in which compensation is allowed especially when the original award by the commission expressly left the question open, and there is no evidence that plaintiff ever signed a closing receipt indicating that he considered the 28 February 1969 opinion and award a final adjudication of his rights.

Although there are several cases involving factual situations similar to the instant case and holding that the claimant has received a final award invoking the one-year statute of limitations under G.S. 97-47, they are distinguishable from the instant case. In *Dail v. Kellex Corp.*, 233 N.C. 446, 64 S.E. 2d 438 (1951), the Industrial Commission gave the plaintiff an award for 20 percent permanent partial disability and reserved the right to enter an award for temporary total disability if it occurred within 300 weeks from the date of the accidental injury. On appeal the superior court reversed the 300 week provision and the Supreme Court affirmed on the ground that the Industrial Commission did not have the authority to make an award and then reserve the right to modify it for 300 weeks due to a change in condition when G.S. 97-47 only allows one year.

The court then distinguished the *Branham* case due to its different factual basis. In both *Branham* and the instant case the claimants returned to work despite their disability and the Industrial Commission's original awards did not make any provisions for a stated amount of permanent partial disability compensation.

In *Smith v. Red Cross*, 245 N.C. 116, 95 S.E. 2d 559 (1956), the parties entered into an agreement which was approved by the Industrial Commission and provided compensation for total temporary disability for a specified number of weeks. The injured employee executed a closing receipt stating that a claim for further compensation due to a change of conditions would have to be made within one year from the date of final payment under the agreement pursuant to G.S. 97-47. More than a year later, plaintiff filed a claim for permanent partial disability which the court held was barred by G.S. 97-47. Specifically, the court held that the agreement approved by the commission and the closing receipt signed by the plaintiff more than a year prior to the filing of the claim for permanent disability put the case beyond the time given by G.S. 97-47. In the instant case, the plaintiff never received any compensation for permanent partial disability, never signed a closing receipt, and had specific language in the Industrial Commission award which indicated that although no permanent disability compensation would be awarded "at this time," due to his working situation, it may be awarded at a later date.

Finally, in *Harris v. Contracting Co.*, 240 N.C. 715, 83 S.E. 2d 802 (1954), the Industrial Commission order awarded compensation for temporary partial disability and then retained the case for 300 weeks from the date of the accident for such future adjustments as may be necessary for any fluctuations in claimant's ability to work and earn wages during said period. On appeal, the court rejected the Industrial Commission's attempt to retain jurisdiction, but factually distinguished the *Branham* case in which retention of jurisdiction was approved on the grounds that no final award had been made in that case. The court noted that in *Branham*, the employer retained the injured employee, gave him light work and paid him the same wages he had earned prior to the injury. The Industrial Commission was allowed to retain jurisdiction in *Branham* to prevent the employer from dismissing the employee after twelve months in order to defeat his rights under the act.

An examination of the facts in the instant case reveals that it is more analogous to the *Branham* situation in which retention of jurisdiction was allowed than it is to the *Harris* case in which retention of jurisdiction was disapproved. The employer in the present case retained the plaintiff and continued paying him the same wages that he was earning prior to the injury even though he was no longer able to perform heavy manual labor. Since plaintiff was receiving his regular salary at the time of the Industrial Commission order, no disability compensation could be awarded at that time. However, the commission retained jurisdiction over the compensation question by implying that the disability compensation and the attorney fees could be awarded at a later date. In effect, the commission entered an interlocutory award on the disability compensation question in order to protect the employee's rights in the event that the employer terminated his employment after the statute of limitations period.

For the reasons stated, we conclude that the award of 28 February 1969 was an interlocutory award with respect to disability compensation rather than a final award which would invoke the one-year statute of limitations under G.S. 97-47. Since G.S. 97-47 is inapplicable, plaintiff is entitled to a hearing before the Industrial Commission to determine the amount of disability compensation if any to which he is entitled.

Order reversed and cause remanded to the Industrial Commission.

Judges CLARK and ERWIN concur.