McLean v. Roadway Express

WILLIAM T. McLEAN, Employee v. ROADWAY EXPRESS, INC., Employer
Self-Insurer

No. 8110IC597

(Filed 16 March 1982)

**Master and Servant § 77.1— modification of workers' compensation award error— no change in condition**

The Industrial Commission erred in concluding plaintiff had suffered a change in condition between the date of his first disability rating and the date of a hearing which increased his permanent partial disability from 30% to 50% where there was no evidence in the record to support the Commission's conclusion that plaintiff underwent "a substantial change, after a final award of compensation, of physical capacity to earn." G.S. 97-47.

APPEAL by defendant from the North Carolina Industrial Commission. Award entered 29 December 1980. Heard in the Court of Appeals 5 February 1982.

The record shows that plaintiff suffered a back injury in a work-related accident on 11 December 1976 while employed by defendant. He underwent an operation to relieve the effects of the injury, but continued to experience pain.

On 5 October 1977, plaintiff was examined by Dr. Frank Pollock and given a 30% partial disability rating. On the basis of this rating, plaintiff entered into a Supplemental Memorandum of Agreement with defendant which was approved by the Industrial Commission. The Commission granted plaintiff's petition for a lump sum payment and plaintiff was paid in full on 13 February 1978.

Upon receipt of his disability payment, plaintiff resigned from employment with defendant and entered the employ of Leonard Warner Datsun. Plaintiff remained in this employment at the time of the hearing below.

On 10 April 1978, plaintiff underwent a second operation on his back designed to improve his condition. This surgery was performed by Dr. Pollock. Plaintiff's condition improved following the second surgery, but then became worse again. About nine months after the second operation, Dr. Pollock gave plaintiff a 50% disability rating.

By opinion and award filed 29 December 1980 .the Industrial Commission granted plaintiff the increased benefits. The Commission's conclusion that plaintiff had suffered a change in condition was based on the following pertinent findings:

5. On January 30, 1979, some nine months following his second operation, the plaintiff was given a 50 percent permanent partial disability rating of his back by Dr. Pollock. As reasons for his rating Dr. Pollock identified the factors that the plaintiff had undergone a second operation and that he still suffered some discomfort and pain in his back. This rating followed a lengthy period during which the plaintiff received post-operatrive (sic) treatment from Dr. Pollock.

6. The reason Dr. Pollock changed his rating of permanent partial disability from 30 percent to 50 percent of the back was that the plaintiff had undergone a second operation on his back which involved a Gill type procedure lateral gutter type fusion, exploration of the nerve roots, and spinal cord, and that the plaintiff was still experiencing discomfort in the low back region.

*Womble, Carlyle, Sandridge & Rice, by Keith W. Vaughan, for plaintiff appellee.*

*Blackwell, Blackwell, Canady & Eller, by Jack E. Thornton, Jr. for defendant appellant.*

ARNOLD, Judge.

Defendant assigns as error the Commission's conclusion that plaintiff had suffered a change in condition between the date of his first disability rating and the date of hearing which increased his permanent partial disability from 30% to 50%. Defendant challenges the adequacy of the factual foundation for this conclusion which was set forth in finding of fact #6:

6. The reason Dr. Pollock changed his rating of permanent partial disability from 30 percent to 50 percent of the back was that the plaintiff had undergone a second operation on his back . . . and that the plaintiff was still experiencing discomfort in the low back region.

Defendant asserts that Dr. Pollock merely changed his opinion as to the extent of plaintiff's disability after the second opera-

tion failed to improve his condition. "A mere change of the doctor's opinion with respect to claimant's preexisting condition," defendant notes "does not constitute a change of condition required by G.S. Section 97-47." *Shuler v. Talon Div. of Textron,* 30 N.C. App. 570, 577, 227 S.E. 2d 627, 631 (1976).

Defendant argues that there was no evidence of a worsening of plaintiff's condition as a result of the second operation since Dr. Pollock testified that he "saw very little difference in his condition in '77 and '79." Moreover, the record reveals no basis for Dr. Pollock's opinion changing his rating from 30 percent to 50 percent partial disability rating.

It is well settled in cases construing G.S. 97-47 that "change of condition," as contemplated by the statute, means "a substantial change, after a final award of compensation, of physical capacity to earn . . . ." *Tucker v. FCX,* 36 N.C. App. 438, 444, 245 S.E. 2d 77, 80 (1978). We must agree with defendant that there is no evidence in the record to support the Commission's conclusion that the plaintiff here underwent such a change of condition.

Plaintiff asserts as an alternative ground for upholding the Commission's award that he never received a "final rating" and was therefore not bound by the Supplemental Memorandum of Agreement with defendant. We cannot agree. While it is possible that Dr. Pollock did not intend for the original disability rating to be "final," plaintiff's reliance on that rating in entering into the agreement with his employer and the Commission's approval of the agreement operated to "finalize" the rating. As stated by this Court in *Watkins v. Motor Lines, Inc.,* 10 N.C. App. 486, 489, 179 S.E. 2d 130, 132 (1971), "[a]n agreement to pay compensation, when approved by the Industrial Commission, is equivalent to an award." According to the statute, an award may be reviewed solely "on the grounds of a change in condition . . . ." As noted previously, plaintiff here failed to fulfill this threshhold requirement.

We conclude that the Commission's findings and conclusion of law that plaintiff suffered a change of condition is unsupported by the evidence and must be reversed.

Reversed.

Judges CLARK and WHICHARD concur.