FURNIE HILL, Employee, v. GEORGE DuBOSE, Employer, and CONNECTICUT INDEMNITY COMPANY, Carrier.

(Filed 7 November, 1951.)

1. **Master and Servant § 53b (1)—**

Compensation for partial permanent disability should be based upon the loss of wage-earning power rather than the amount actually earned by the employee after maximum recovery from the injury, and where it is apparent that the recovery was based upon the amount actually earned, the cause will be remanded. G.S. 97-2 (i), G.S. 97-30.

2. **Master and Servant § 47—**

The retention of jurisdiction by the Industrial Commission for a period of 300 weeks from the date of the accident for the purpose of showing decreased earning capacity due to permanent partial disability, is error.

APPEAL by defendants from *Stevens, J.,* February Term, 1951, of LENOIR. Remanded.

Claim for compensation under Workmen's Compensation Act.

It was admitted that the claimant, a carpenter, sustained a compensable injury by accident 15 July, 1949, when he fell from the roof of a building on which he was working resulting in fracture of some of the transverse processes in his spine. The defendants, employer and insurance carrier, accepted liability therefor and paid compensation for temporary total disability through 25 November, 1949. Thereafter, upon request of claimant, a hearing was had by the Industrial Commission for the purpose of determining whether he was entitled to additional compensation. After hearing the evidence of claimant and two physicians the Commission found that the claimant had reached the point of maximum recovery from the injury 25 November, 1949, and thereafter ceased to be

totally disabled, but that as result of his injury claimant sustained a permanent impairment of the function of his back to the extent of twenty per cent, and is partially and permanently incapacitated to earn wages which he was receiving at the time of his injury in same or any other employment; "that as result of his own efforts and as proceeds and wages from the work he has performed, the claimant has earned $7 per week from November 25, 1949, to July 18, 1950, the date of second hearing." The Commission awarded additional compensation under G.S. 97-30 at rate of $22.80 per week through 18 July, 1950, and in addition thereto ordered defendants to pay compensation to claimant at rate of sixty per cent of the difference between the wage he was earning before injury and the weekly wage he is able to earn after 18 July, 1950, at any time it is shown claimant is earning less due to his injury, within 300 weeks from date of accident.

The full commission sustained the hearing commissioner's findings and award, and on appeal to the Superior Court the action of the Industrial Commission was in all respects affirmed.

The defendants excepted and appealed to this Court.

*Guy Elliott for plaintiff, appellee.*
*Smith, Sapp, Moore & Smith for defendants, appellants.*

DEVIN, C. J.   It is apparent from an examination of the findings and award of the Industrial Commission, which were in all respects affirmed by the court below, that the award of compensation now made was based upon a finding as to the amount the claimant had earned since the date on which total permanent disability had ceased, rather than upon his capacity or ability to earn.

The statute, G.S. 97-2 (i), defines disability as meaning "incapacity because of injury to earn the wages the employee was receiving at the time of injury in the same or any other employment."   The rule of compensation for partial disability prescribed by G.S. 97-30 is that the employer shall pay "to the injured employee during such disability, a weekly compensation equal to 60 per centum of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter."

In *Dail v. Kellex Corp.,* 233 N.C. 446, 64 S.E. 2d 438, it was said: "The disability of an employee because of an injury is to be measured by his capacity or incapacity to earn the wages he was receiving at the time of the injury. *Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865; *Anderson v. Motor Co., ante,* p. 372 (233 N.C. 372, 64 S.E. 2d 265). Loss of earning capacity is the criterion."   Compensation must be based upon loss of wage-earning power rather than the amount actually re-

ceived. It was intended by the statute to provide compensation only for loss of earning capacity. Hence, the finding that claimant had earned $7 per week for the period from 25 November, 1949, to 18 July, 1950, was not the proper basis for determining the award under the statute.

The appellee concedes that in accord with the decision in *Dail v. Kellex Corp., supra,* the award of the Commission should be modified by eliminating the requirement that the case be held open for 300 weeks.

While in other respects the findings of the Industrial Commission were supported by the evidence, we think in the particulars pointed out there was error in affirming the conclusions and award of the Commission, and accordingly the case is remanded to the end that sufficient findings, and proper conclusions and award thereon may be made by the Industrial Commission as the basis for judgment.

Error and remanded.