Mace v. N. C. Spinning Mills

---

MARY D. MACE, EMPLOYEE, PLAINTIFF v. N. C. SPINNING MILLS AND/OR RHYNE MILLS, EMPLOYERS, AND HOME INDEMNITY INSURANCE COMPANY AND/OR LIBERTY MUTUAL INSURANCE COMPANY, CARRIERS, DEFENDANTS

No. 8610IC27

(Filed 1 July 1986)

1. **Master and Servant § 69— workers' compensation—computation of average weekly wage—ability to work full time**

    The Industrial Commission's finding that plaintiff had a weekly earning capacity of $146 was supported by plaintiff's own testimony that, since she had left defendant's employment, she had worked as a school bus driver and security guard and that her wages on the security guard job were $3.65 per hour; that the job was only part time and was lost because of a reduction in force did not nullify the evidence; no evidence was presented that plaintiff's respiratory disease limited her to part-time work, and the Commission's finding that she was able to work full time at the earning capacity found therefore was not error; and the Commission properly based plaintiff's compensation on capacity to earn rather than actual earnings.

**2. Master and Servant § 68— workers' compensation—occupational disease—sufficiency of evidence**

Evidence was sufficient to support a finding that plaintiff worked in the textile industry for more than thirteen years, and it was inferable from plaintiff's evidence that about ten of those years were spent processing cotton so that the Commission's finding that she was exposed to cotton dust and an expert's opinion had evidentiary support, and the Commission's conclusion based thereon that plaintiff had an occupational disease was not erroneous.

APPEAL by plaintiff and defendant employer from the Opinion and Award of the North Carolina Industrial Commission filed 7 August 1985. Heard in the Court of Appeals 9 May 1986.

Plaintiff claims benefits under the Workers' Compensation Act for disability resulting from chronic obstructive pulmonary disease allegedly caused by exposure to cotton dust in her employment. She began working in textile mills in 1955 and worked off and on in different mills in the Lincolnton area until June of 1980 when her last employer was defendant N. C. Spinning Mills. Her work in the mills exposed her to respirable cotton dust and she began having breathing problems in 1971; they included chest tightness, a feeling of being smothered, congestion, productive cough, and shortness of breath. Her symptoms usually got worse as the work week progressed and diminished on days that she did not work. At different times she underwent respiratory therapy; and in 1973 and 1974 she was hospitalized twice for a collapsed lung. In her last employment with defendant her respiratory problems worsened until she had to quit textile work altogether. After leaving defendant's mill plaintiff had a full time job for awhile as manager of a motel owned by some relatives and had part time jobs as a security guard and school bus driver. She has also been trained as a nursing assistant and technician and has some experience in that work. Her physical activities are limited by her breathing difficulties: she cannot walk more than three-quarters of a mile, mow her lawn for more than 15 minutes, or ascend stairs without experiencing shortness of breath. When working in the mills she never wore a mask because it hindered her breathing. She has smoked 15 to 20 cigarettes a day since she was 16.

After hearing her claim and finding facts substantially as set forth above the deputy commissioner also found that plaintiff had chronic obstructive pulmonary disease with elements of em-

physema and chronic bronchitis, as well as hyperreactive airways disease; that her exposure to cotton and flax dust had significantly contributed to the development of her pulmonary disease; and that she was permanently partially disabled as a result of the disease. The deputy commissioner concluded that plaintiff was entitled to compensation for 300 weeks at a rate equal to two-thirds of the difference between $143.50, her average weekly earnings when she left defendant's employ, and her average weekly earnings since then.

The Full Commission, on appeal by defendant, made findings as to plaintiff's occupational disease not materially different from those made by the deputy commissioner. But on the disability question the Commission found that plaintiff had a demonstrated weekly earning capacity of $146.00 after becoming disabled, while her average weekly wage before was $154.00, and reduced her compensation to $5.33 per week for 300 weeks. Plaintiff appealed and we allowed defendant's petition for certiorari after it failed to file its appeal notice within the time allowed.

*Charles R. Hassell, Jr. for plaintiff appellant-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Hatcher Kincheloe, for defendant appellee-appellant N. C. Spinning Mills.*

PHILLIPS, Judge.

By her appeal plaintiff contends that the Commission's findings that she has a weekly earning capacity of $146.00 are unsupported by evidence and that she is therefore entitled to more compensation than the Commission allowed. By its appeal defendant contends that the Commission's findings that plaintiff's chronic obstructive lung disease was contributed to by her textile employment and that she is permanently disabled because of it are not supported by competent evidence, and thus no compensation at all is due her. Neither contention has merit and we affirm the Commission's decision in all respects.

[1] The finding that plaintiff has had an earning capacity of $146.00 per week since leaving defendant's employment is supported by plaintiff's own testimony that since that time she has worked as a school bus driver and security guard and that her wages on the security guard job were $3.65 per hour, which com-

putes to $146.00 per week. That this job was only part time and was lost because of a reduction in force does not nullify the evidence. For aught that the record shows she was capable of working full time at that job and any other of the jobs that she is qualified for which require little physical exertion, such as bus driver, nurse technician or cashier. Since no evidence was presented that her respiratory disease limits her to part time work, the Commission's finding that she was able to work full time at the earning capacity found was not error and must be upheld. The argument that the Commission should have based her compensation on actual earnings since she became disabled is unavailing. An injured worker's disability rate is based on *capacity* to earn rather than actual earnings, which are only evidence of earning capacity. *Ashley v. Rent-A-Car Co.*, 271 N.C. 76, 155 S.E. 2d 755 (1967). An award to be valid must be based on *capacity* to earn. *Hill v. DuBose*, 234 N.C. 446, 67 S.E. 2d 371 (1951).

[2] Defendant's attack upon the award made to plaintiff rests upon the false premise that no competent evidence was presented that the plaintiff was exposed to cotton dust in her employment for "about ten years," as the Commission found and as was stated in the hypothetical questions asked Dr. Owens, whose occupational disease and disability opinions are crucial to plaintiff's case. Though the record shows that during the period from 1955 to 1980 she did not always work in textiles and often changed jobs it also clearly shows that plaintiff worked altogether more than 156 months or 13 years in the textile industry. And while she did not testify as to exactly how much of that time was spent processing cotton it is fairly inferable from her evidence that it was a period of "about ten years." Thus both the Commission's finding and Dr. Owens' expert opinion have evidentiary support and the conclusion based thereon that she has an occupational disease is not erroneous. *Booker v. Duke Medical Center*, 297 N.C. 458, 256 S.E. 2d 189 (1979). Defendant's further arguments, likewise without merit, require no discussion.

As to plaintiff's appeal — affirmed.

As to defendant's appeal — affirmed.

Judges MARTIN and PARKER concur.