The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award.
Following receipt of the depositions of Drs. Frederick Weidman, III, David Ugland, and Coy Brown, Melissa Sue Garland and Wayne Newkirk; the stipulated medical reports of Drs. Robert Laborde, William Wood, Rick Isernhagen and Mark Henry; the stipulated rehabilitation reports of Margie Shutte and Eleanor Talley; and the parties' Statements of Contentions, the record in this case was closed.
* * * * * * * * * * * * *
A Form 21, Agreement For Compensation For Disability, having been approved by the Industrial Commission on 30 July 1991, constitutes an Award of record and, as such, is incorporated herein by reference. The executed Pre-Trial Agreement dated 7 October 1993 is incorporated herein by reference. Additionally, at the hearing, the parties through counsel stipulated into evidence the Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, which was approved by the Industrial Commission 26 July 1993.
* * * * * * * * * * * * *
Based upon all of the competent, credible evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following:
FINDINGS OF FACT
1. Plaintiff is 43 years of age and has a Bachelor of Science degree in mechanical engineering. Plaintiff's employment history consists of four years military service where he worked in refueling and accounting, seven and one-half years of farming, five years as a technician installing TV antennas and receivers for Lowe's Building Supplies, and two years as a line foreman with defendant employer, where his job duties consisted of supervising and coordinating the installation of aerial and underground open wire and cable communications equipment. These duties required plaintiff to read blueprints with color coding, supervise crew members, operate digger and bucket trucks, climb and work at heights and underground, and work around moving equipment.
2. On 15 May 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer, resulting in an injury to his right eye.
3. For his 15 May 1991 injury by accident, plaintiff has been seen and treated by Drs. Campbell, Henry, Wood, Isernhagen, Brown, Laborde and Crawford and has been seen and evaluated by Drs. Weidman III and Ugland.
4. As a result of his 15 May 1991 injury by accident, plaintiff has traumatic aphakia from loss of the crystalline lens in his right eye, traumatic iridectomy from a loss of a portion of the iris in his right eye, irregular astigmatism in his right eye, photoreceptor damage or optic nerve dysfunction in his right eye, a scleral buckle and retinal tears in his right eye, stabismus or non-alignment of both eyes, double vision in his right eye, a loss of binocular vision, a loss of depth perception, a loss of peripheral vision and light sensitivity in his right eye, which have resulted in a complete loss of functional use of his right eye and a 25 percent loss of his total visual field.
5. Although use of a patch over plaintiff's right eye eliminates the double vision in his right eye, a patch causes plaintiff some discomfort inasmuch as his right eye and the area surrounding it is still tender from the 15 May 1991 injury by accident.
6. Plaintiff reached maximum medical improvement from his 15 May 1991 injury by accident on 4 March 1992, at which time he was released to return to work without restriction other than the limitation present from complete loss of functional use of his right eye.
7. Although no further medical treatment is necessary at this time to effect a cure, give relief or lessen plaintiff's disability, the overall health of plaintiff's right eye has been compromised as a result of his 15 May 1991 injury by accident, for which plaintiff may require future medical treatment.
8. As a result of his 15 May 1991 injury by accident and the residuals thereof, plaintiff is unable to return to work in his former employment with defendant employer or in any job which requires fine visual acuity. Defendant employer has not offered plaintiff a job within his limitations.
9. Plaintiff underwent a vocational assessment by Melissa Sue Garland on 4 June 1993.
10. Plaintiff has neither sought employment, nor engaged in any employment, since reaching maximum medical improvement on 4 March 1992, from his 15 May 1991 injury by accident.
11. There is insufficient evidence of record from which to determine by its greater weight that plaintiff is physically or mentally incapable of working in any employment, that he unsuccessfully sought work within his capability for work, that it would be futile to look for work due to preexisting conditions, or that he has obtained employment at a wage less than he earned prior to the injury. This finding does not preclude Plaintiff from offering such evidence in the future, and, if he desires to do so, he can file a Form 33 and proceed to hearing.
12. Plaintiff received temporary total disability compensation benefits at the rate of $406.00 per week pursuant to an approved Form 21, from the date of his injury by accident on 15 May 1991, until the Form 24 was approved on 26 July 1993.
* * * * * * * * * * * * *
The foregoing findings of fact engender the following:
CONCLUSIONS OF LAW
1. Plaintiff can meet his burden of establishing the existence of disability to earn wages in one of four ways: 1) The production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of any work in any employment; 2) The production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his efforts to obtain employment; 3) The production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e. age, inexperience, lack of education, to seek other employment; or 4) The production of evidence that he as obtained employment at a wage less than earned prior to the injury.Russell v. Lowe's Products Distribution, 108 N.C. App. 762,462 S.E.2d 454 (1993). There is no presumption of disability from the mere fact that wages have not been earned. As the Supreme Court stated in Hendrix v. Lynn-Corriher Corp., 317 N.C. 179,345 S.E.2d 374 (1986), it is an employee's earning capacity, rather than his earnings, which is the determining factor on the issue of disability, or as the Supreme Court earlier stated in Hill v.Dubois, 234 N.C. 446, 67 S.E.2d 371 (1951), "compensation must be based upon loss of wage earning power rather than the amount actually received."
2. On 15 May, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer and as a result thereof was temporary totally disabled from 15 May 1991 to 4 March 1992, for which he is entitled to compensation at the rate of $406.00 for the aforementioned period subject to a credit to defendant for temporary total disability compensation paid heretofore. Plaintiff reached maximum medical improvement from his 15 May 1991 injury by accident on 4 March 1992, at which time he was no longer temporarily totally disabled inasmuch as he was able to return to work without restriction other than the limitation present from complete loss of use of his right eye and failed to undertake a reasonable effort to obtain employment, and as a further result thereof, sustained a total loss of use of his right eye for which he is entitled to 120 weeks of compensation at the rate of $406.00 per week subject to a credit to defendants for temporary total disability compensation paid beyond 4 March 1992. G.S. § 97-2 (6); G.S. § 97-29; G.S. § 97-31 (16); G.S. § 97-42.
3. Plaintiff is entitled to all medical treatment incurred, or to be incurred, as a result of his 15 May 1991 injury by accident. G.S. § 97-25.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay to plaintiff, on account of his total loss of use of his right eye, compensation at the rate of $406.00 per week beginning 4 March 1992 and continuing for 120 weeks, subject to a credit to defendants for temporary total disability compensation paid subsequent to 4 March 1992. As said compensation has accrued, it shall be paid in a lump sum without commutation, subject to a reasonable attorney fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his 15 May 1991 injury by accident when bills for the same shall have been submitted through the carrier to the Industrial Commission and are thereafter approved in accordance with procedures established by the Industrial Commission.
3. A reasonable attorney fee in the amount of 25 percent of the compensation benefits due under the above Award is hereby approved, which amount shall be deducted from the accrued benefits under the same Award and forwarded directly to plaintiff's counsel, Mr. Zeyland McKinney.
4. Defendants shall pay the costs due this Commission for the initial hearing before the Deputy Commissioner, including expert witness fees of $125.00 to Dr. Coy Brown, $175.00 to Dr. Frederick Weidman, III, $175.00 to Dr. David Ugland, and $80.00 to Melissa Sue Garland, and each side shall bear its own costs for hearing before the Full Commission.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/ __________________ COY M. VANCE COMMISSIONER