Under the specific facts of this case, I agree that the partial disability benefits should be calculated by subtracting the post-injury wage earning capacity from the aggregate pre-injury wage for both jobs that the plaintiff had at the time of injury. I further agree that the average weekly wage and compensation rate are determined by the wages for the specific job where plaintiff was injured and not from his aggregate wages for all of his jobs. McAnich v. Buncombe County, 347 N.C. 126,489 S.E.2d 375 (1997). There are circumstances, not present in this case, however, where an employee may not be disabled from performing his pre-injury second job and thereby should not obtain a windfall because he chooses to reduce his post-injury earnings by leaving that job. In the circumstances where the diminishion of wages is not due to the injury (i.e., is not due to disability), the wages from the abandoned second job may not be considered in determining the post-injury partial disability. The employee has a duty to mitigate damages and to reasonably seek employment commensurate with his injury. In determining partial disability, the Commission looks at the employee's post-injury capacity to earn wages, not merely the wages that he actually earns. Gumpton v.Builders Transport, 320 N.C. 38, 357 S.E.2d 674 (1987); Hill v. DuBose,234 N.C. 446, 67 S.E.2d 371 (1951).
Because these circumstances do not exist in this case, I agree with the outcome contained in the majority opinion.
Signed this 5th day of December, 2001.
 S/______________ RENE C. RIGGSBEE COMMISSIONER