J. R. WATKINS, Employee v. CENTRAL MOTOR LINES, INC.,
Employer, and MICHIGAN MUTUAL LIABILITY, Carrier

No. 7118IC15

(Filed 24 February 1971)

1. Master and Servant § 94— compensation agreement as award

An agreement to pay compensation, when approved by the Industrial Commission, is equivalent to an award.

2. Master and Servant § 77— workmen's compensation — claim for permanent partial disability — change of condition — one-year limitation

Where the injured employee received weekly compensation benefits pursuant to an agreement entered by the parties and was given notice in the closing receipt that a further claim for benefits must be made within one year from the date of receipt of the final payment, a claim for permanent partial disability filed more than a year after the final payment involves a "change of condition and is barred by G.S. 97-47, notwithstanding the employer and its carrier knew at the time the closing receipt was signed that the employee was still undergoing treatment for his injury.

3. Master and Servant § 77— workmen's compensation — change of condition — estoppel to plead one-year limitation — misrepresentation inducing signature on closing receipt

Employer and its insurance carrier would not be estopped from pleading the one-year limitation of G.S. 97-47 if a misrepresentation by an agent of the employer induced the injured employee to sign a closing receipt, Industrial Commission Form 28B, since the signature of the employee is not required on Form 28B in order for the one-year limitation period to begin.

4. Master and Servant § 94— workmen's compensation — necessary findings of fact

While the Industrial Commission is not required to make a finding as to each fact presented by the evidence, specific findings with respect to the crucial facts upon which the question of claimant's right to compensation depends are required.

5. Master and Servant § 77— workmen's compensation — change of condition — misrepresentation as to matter of law — delay of claim for permanent disability — estoppel to plead one-year limitation

Statement by employer's agent that a closing receipt signed by claimant had nothing to do with permanent disability, if a misrepresentation which induced claimant to delay his claim for permanent partial disability until more than a year after he received his final weekly compensation payment, constituted a misrepresentation as to a matter of law, which would not estop the employer and its carrier from relying on the limitation of G.S. 97-47 as a bar to the claim.

6. **Master and Servant § 77— workmen's compensation — alteration of award — change of condition**

The Workmen's Compensation Act contains no basis for altering a final award of compensation other than for a change of condition as provided in G.S. 97-47.

Judge VAUGHN dissents.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 14 May 1970.

The facts of this case may be summarized as follows: Plaintiff was injured in a truck accident in Indiana on 19 May 1967, sustaining injury to his neck, right shoulder, right arm, right hand, and head, the latter being minor in nature; since his injury, plaintiff has been under the care of several physicians in Indiana and North Carolina, including Dr. R. H. Ames and his associate, Dr. L. U. Anthony, of Greensboro, North Carolina; on 2 June 1967, an agreement was executed among the parties, on Industrial Commission Form 21, providing for compensation to plaintiff in the amount of $37.50 per week, beginning as of 27 May 1967 and "continuing for necessary weeks"; on 2 January 1968, plaintiff returned to work for defendant employer; on 18 January 1968, plaintiff received the last of his compensation payments pursuant to the agreement of 2 June 1967, and plaintiff signed Industrial Commission Form 28B, which provides, in pertinent part: "14. Does This Report Close the Case—including final compensation payment? Yes— Except for med. . . . NOTICE TO EMPLOYEE: If the answer to Item No. 14 above is 'Yes,' this is to notify you that upon receipt of this form your compensation stops. If you claim further benefits, you must notify the Commission in writing within one (1) year from the date of receipt of your last compensation check." On 19 March 1968, Dr. Ames examined plaintiff and reported that plaintiff had not yet reached maximum improvement and that plaintiff was to return after six months for possible rating as to disability; on 22 July 1968, in response to plaintiff's letter of 11 July 1968, defendant carrier sent to plaintiff copies of hospital and doctor bills from its files. On 12 September 1968, Dr. Ames examined plaintiff and reported that he had improved, that no treatment was "indicated at this time," and that he planned to see plaintiff in six months for "further follow-up"; on 29 November 1968, Dr. Ames examined plaintiff and reported that he planned to rate plaintiff for final disposition

in March 1969; on 8 May 1969, Dr. Anthony examined plaintiff and reported he had a twenty percent permanent partial disability of the right arm; on 18 June 1969, plaintiff filed with the Commission a request for a hearing, using Industrial Commission Form 33, seeking compensation for permanent partial disability; Dr. Ames' reports of 19 March 1968 and 12 September 1968, and Dr. Anthony's report of 8 May 1969, were addressed to Dr. B. J. Christian of Greensboro, who apparently had referred plaintiff to Dr. Ames, with copies to defendant carrier; however, Dr. Ames' report of 29 November 1968 was addressed to defendant carrier; on 29 July 1969, defendant carrier wrote to defendant employer, referring to Dr. Ames' letter of 8 May 1969, and denied further liability to plaintiff, for that more than one year had elapsed between the last payment of compensation and the rating; on 29 August 1969, a hearing was held before Deputy Commissioner R. F. Thomas, at which plaintiff appeared *pro se;* after brief evidence was taken, it developed that plaintiff did not wish to proceed without counsel; the case was reinstated on the Commission's docket until plaintiff could arrange for representation; on 13 March 1970, Deputy Commissioner Thomas denied plaintiff's claim for further compensation, hearing having been held on 13 February 1970, at which plaintiff was represented by Mr. Crihfield; by opinion of 14 May 1970, the full commission affirmed the opinion and award of Deputy Commissioner Thomas, and plaintiff appealed to this court.

*Douglas, Ravenel, Hardy & Crihfield by G. S. Crihfield for plaintiff-appellant.*

*Robert L. Scott for defendants-appellees.*

BROCK, Judge.

The decision of the hearing commissioner, which was upheld by the full commission, was that plaintiff's claim was barred by G.S. 97-47, which provides:

"Upon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this article, and shall

immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this article. . . . "

[1] An agreement to pay compensation, when approved by the Industrial Commission, is equivalent to an award. *White v. Boat Corporation*, 261 N.C. 495, 135 S.E. 2d 216. Thus, the one-year limitation of G.S. 97-47 began to run on 18 January 1968, and forecloses plaintiff's claim, *if* there was a "change in condition" as contemplated by the statute, and *if* defendants are not estopped to invoke the limitation.

[2] This case clearly involves a "change in condition" within the purview of G.S. 97-47. See *Smith v. Red Cross*, 245 N.C. 116, 95 S.E. 2d 559, which we regard as precisely controlling. Plaintiff attempts to avoid the result of *Smith* by his contention that, in the present case, the commission and the defendants were aware, at the time when the closing receipt was signed, that plaintiff was still undergoing treatment for his injury. The evidence discloses that, on 18 January 1968, none of the parties realized that plaintiff's injury might result in permanent disability; indeed, plaintiff's exhibit 8, a report to defendant carrier from Dr. D. M. Hickman of Fort Wayne, Indiana, dated 29 July 1967, indicates the contrary. In *Smith, supra,* the Court said: "It is manifest that none of the parties, on 9 December, 1952 [the date when plaintiff received her last compensation payment and executed the closing receipt], realized that the injury which the plaintiff sustained would result in permanent disability." Mere awareness of continuing medical attention is not inconsistent with the eventual prospect of complete recovery.

Plaintiff contends that if, as we hold, the limitation of G.S. 97-47 is applicable, defendants are nontheless estopped to plead it, because of representations made to plaintiff when he signed the closing receipt, by A. C. Hinnant, an employee of defendant employer who was in charge of Workmen's Compensation matters, and that the Deputy Commissioner and the full commission erred in not finding facts relative thereto. The evidence as to the representations was as follows:

"(the plaintiff testified) : 'Mr. Hinnant asked me to sign this form, said that it was—that I would receive it in my last check on weekly benefits, and I asked him if that was what it was and he said, yes, that on that it meant that I had a year to re-open this case if I wanted more weekly benefits; if I wanted to go back on weekly benefits. I asked him something about permanent disability payment and he said that this had really nothing to do with that because that would be left up to when the doctors released and rated me.'

"(Robert Eller testified) : 'During the afternoon or evening of January 18, 1968, Mr. Watkins and I went to the log clerk's office at which time Mr. Watkins had a conversation with Mr. Hinnant. We went down to go out and Mr. Hinnant called us in his office and gave a paper to Mr. Watkins to sign and Mr. Watkins told him that he had not been released or rated yet on the disability, and Mr. Hinnant said, "Well, this is just to show the Industrial Commission that you have been receiving your weekly benefits." So he signed it. Mr. Hinnant didn't say anything to Mr. Watkins about any permanent injury. He said if he wanted to renew his weekly benefits, why, he had a year's time to do it in.' "

[3] From plaintiff's assignment of error, and his brief, it appears that he is complaining that Mr. Hinnant's representation induced him to sign Form 28B. The law requires only that the injured employee be given notice of the one-year limitation, *White v. Boat Corporation, supra,* and that the Commission be given notice that the final payment of compensation has been made. G.S. 97-18(f). Moreover, an inspection of Form 28B reveals that the signature of the employee is not called for. The limitation would have begun to run when notice was given plaintiff on 18 January 1968, with or without plaintiff's signature. G.S. 97-47. Therefore, plaintiff's signature affected his rights not in the least, except, possibly, as proof that he received notice of the limitation, which he does not deny. However, the assignment of error is subject to the interpretation that plaintiff was induced, not merely to sign the form, but to delay his claim until more than one year had elapsed since the last payment of compensation, and we shall consider it in that light.

" . . . the one-year limitation is not jurisdictional, the statute merely providing a plea in bar which may be asserted by the employer. Thus, the employer and its insurance carrier may be estopped from asserting the one-year limitation where the employee is not given notice, as required by the rules of the Commission, that a claim for a change of condition would have to be filed or the Commission notified within one year of the last payment, or where the employee's delay has been induced by acts, representations, or conduct on the part of the employer." 5 Strong, N. C. Index 2d, Master and Servant, § 77.

[4, 5] The Industrial Commission is not required to make a finding as to each and every fact presented by the evidence. However, specific findings with respect to the crucial facts, upon which the question of plaintiff's right to compensation depends, are required. *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E. 2d 619. Thus, the question presented to us is whether the evidence, taken in the light most favorable to plaintiff, would have justified a finding that defendants are estopped to plead the limitation of G.S. 97-47. Plaintiff's own evidence is, at best, equivocal as to what was said by Mr. Hinnant. We are unable to say that any false statement is shown. If a false representation was made, it was as to a matter of law. "The well-recognized rule is that a misrepresentation as to a matter of law will not ordinarily support an action for fraud or deceit, *nor constitute an estoppel to rely upon the statute of limitations* (emphasis supplied), . . . . " Annot., 24 A.L.R. 2d 1413 (1952); Annot., 24 A.L.R. 2d 1039 (1952); *Parker v. Bank*, 152 N.C. 253, 67 S.E. 492.

[6] In an effort to avoid the twelve-month limitation of G.S. 97-47, plaintiff contends that the statute is inapplicable to this case on the ground that there was no "change in condition" as contemplated by the statute, but " . . . that this was a continuing part of the same condition which had been in existence since the date of the injury and which was in existence at the time of the signing of Form 28B and which continued to be true until he was finally released and rated in May, 1969." If that were true, plaintiff's position would be no sounder. We discern in the Act no basis for altering a final award of compensation, other than that provided by G.S. 97-47.

Affirmed.

Judge MORRIS concurs.

Judge VAUGHN dissents.