I respectfully dissent from the majoritys decision to reverse the Deputy Commissioners Opinion and Award. I agree with the Deputy Commissioner that the competent medical evidence in the record fails to establish that plaintiffs twisting injury of July 13, 1996 caused plaintiffs deep venous thrombosis. I would affirm the decision of the Deputy Commissioner.
Our courts have repeatedly held that expert opinion testimony based merely upon speculation and conjecture is not sufficiently reliable to qualify as competent evidence on causation issues. Young v. HickoryBusiness Furniture, ___ N.C. ___ (No. 143A00, filed December 21, 2000);Dean v. Coach Co., 287 N.C. 515, 215 S.E.2d 89 (1975). In response to hypothetical questions posed by plaintiffs attorney, Drs. Ratteree and Zipkin agreed that it was "possible that plaintiffs twisting injury caused her DVT. However, expert testimony that raises no more than a possibility of a causal connection between an injury and an incident is not sufficient. Cummings v. Burroughs Wellcome Co., 130 N.C. App. 88,502 S.E.2d 26, disc. rev. denied, 349 N.C. 355, 517 S.E.2d 890 (1998). Dr. Zipkin stated that she did not know what caused plaintiffs DVT and that the accident could have caused the DVT or the DVT could have developed despite the accident. Dr. Ratterree felt that it was unlikely that the twisting injury could or might have been a significant contributing factor in the development of plaintiffs DVT. As stated by Dr. Ratterree, there was a "galaxy of possibilities as to the cause of plaintiffs DVT. Therefore, the medical evidence does not prove by its greater weight that plaintiffs twisting injury of July 13, 1996 caused the development of the DVT.
For the foregoing reasons, I must respectfully dissent from the majority opinion in this case.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER