Having reviewed the competent evidence of record and the positions of the parties, the Full Commission modifies and affirms the Opinion and Award of the deputy commissioner.
 EVIDENTIARY RULING
Defendant has filed a motion in letter form to present evidence, after the Full Commission hearing but before the Full Commission's decision, to establish the last date of payment to plaintiff. This evidence is presented for the Commission's consideration of defendant's two-year defense under Section 97-47. Plaintiff's counsel has responded that the offered evidence was available before the deputy commissioner's hearing and is not "new" evidence that could not have been presented at the original hearing. In light of the Commission's ruling on the other issues in this case, together with the fact that the offered document is not verified, the Full Commission hereby denies defendant's motion and denies the request to include the indemnity payment log into evidence in this case.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as an executed Pre-Trial Agreement, as
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant and the plaintiff at all relevant times herein.
3. Defendant is an approved self-insured with IHDS Corporation acting as its servicing agent at all relevant times herein.
4. Plaintiff's average weekly wage was $322.00 per week at all relevant times herein.
5. Plaintiff suffered a compensable injury by accident while in the course and scope of his employment with defendant on July 11, 1992. Defendant accepted the compensability of said claim and paid compensation until he returned to work for defendant. Thereafter plaintiff worked for defendant until July 1999, when he was taken out of work by his treating physician.
6. The issues to be determined from this hearing are as follows:
 a) Whether plaintiff is entitled to any additional workers' compensation benefits.
 b) Whether plaintiff is barred by the two-year statute from obtaining any additional workers' compensation benefits?
 ***********
Based upon all of the competent evidence adduced at the hearing and from the record, the Full Commission makes the following
 FINDINGS OF FACT
1. While in the course and scope of his employment with defendant, plaintiff sustained an injury by accident on July 11, 1992, to his back, right arm, right leg and right rib cage. Defendant accepted this claim and paid plaintiff weekly compensation until he returned to work full-time for defendant. The parties thereafter settled a part of plaintiff's claim, as to his right arm only, pursuant to an Agreement for Final Compromise Settlement and Release dated July 21, 1997. This agreement was approved by the Industrial Commission on October 24, 1997.
2. The record does not contain any evidence to determine the date that defendants last paid benefits to plaintiff for his compensable 1992 injury.
3. On November 22, 1999, plaintiff moved to reopen his case by alleging a change of condition to his back. Plaintiff's motion was denied on or about February 23, 2000 by the Executive Secretary.
4. Plaintiff filed a Form 33 on or about January 27, 2000, seeking additional workers' compensation benefits as a result of his July 11, 1992 injury by accident.
5. Plaintiff was treated by Dr. Stephen C. Robinson for the injuries he sustained in the July 11, 1992, injury by accident. Dr. Robinson treated plaintiff until November of 1995. Thereafter he did not see or treat plaintiff as a result of his injuries until July 27, 1999, after plaintiff picked up a cooler and injured his back while at home. Dr. Robinson was unable to testify that plaintiff's problems of July 27, 1999 were related to his injury by accident on July 11, 1992.
6. Based on the greater weight of the evidence, particularly the testimony of Dr. Robinson, the Commission finds that plaintiff had pre-existing degenerative disc disease prior to his 1992 injury. The compensable back injury from the 1992 claim was a contusion to the low back with a muscle and ligament injury. Based on plaintiff's post-1992 medical history, it appears that plaintiff recovered from the back injury sustained in 1992, but he would occasionally have difficulty with his pre-existing degenerative back condition.
7. Plaintiff injured his back, or at least had an exacerbation of his symptoms, when he lifted an ice cooler at home in July 1999. Dr. Robinson testified that he could not relate plaintiff's condition in 1999 to the plaintiff's 1992 workers' compensation injury, and opined that plaintiff's problems in 1999 related to his pre-existing degenerative spinal condition.
8. The greater weight of the evidence fails to show that plaintiff's changed condition is related to and arises from plaintiff's July 11, 1992, injury.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission adopts the following as
 CONCLUSIONS OF LAW
1. The two-year period in N.C. Gen. Stat. § 97-47 is not jurisdictional; rather, defendant has the burden to plead and establish that the plaintiff's motion to modify award was not timely. SeePennington v. Flame Refractories, Inc., 53 N.C. App. 584, 281 S.E.2d 463
(1981). The evidence fails to show when the last payment was made to plaintiff; therefore, the Commission is unable to determine that plaintiff's motion to modify was made after two years from the date of defendant's last payment of compensation related to plaintiff's injury by accident on July 11, 1992. N.C. Gen. Stat. § 97-47.
2. Although plaintiff's change of condition claim is not barred by the two-year limitations period, plaintiff is not entitled to receive additional benefits from defendant as a result of his claim for injury of July 11, 1992, because plaintiff has failed to show that his alleged "changed" condition is related to his 1992 injury. See Cummings v.Burroughs-Wellcome, 130 N.C. App. 88, 502 S.E.2d 26, 29 (1998).
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission makes the following:
 AWARD
1. Plaintiff's claim for additional workers' compensation benefits for change of condition is DENIED.
2. Each side shall pay its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER