**WARD v. FLOORS PERFECT**

[183 N.C. App. 541 (2007)]

---

DAVID J. WARD, EMPLOYEE PLAINTIFF v. FLOORS PERFECT, EMPLOYER, PENN NATIONAL INSURANCE, CARRIER, DEFENDANTS

No. COA06-366

(Filed 5 June 2007)

## 1. Workers' Compensation— change of condition—incapacity of same kind and character

The Industrial Commission did not err by not finding that plaintiff had suffered a compensable change of condition where there was competent evidence that plaintiff's incapacity for work was of the same kind and character as found in the prior award.

## 2. Workers' Compensation— modification—change of condition not proven

Plaintiff's workers' compensation award could not be modified because he did not prove a change of condition under N.C.G.S. § 97-47, which gives the Commission the authority to modify an award on a change of condition. Plaintiff was not entitled to more benefits pursuant to N.C.G.S. § 97-29.

---

**3. Workers' Compensation— knee injury—surgery not compensable**

The Industrial Commission did not err by concluding that plaintiff's knee surgery was not a compensable component of his workers' compensation claim. Plaintiff was diagnosed with two conditions in his knees; the one in question was not compensable.

**4. Workers' Compensation— modification of award—only on change of condition**

The Industrial Commission may modify an award in a workers' compensation case only after the plaintiff proves a change of condition. The Commission in this case properly concluded that plaintiff had not done so.

Judge WYNN dissenting.

Appeal by plaintiff and cross appeal by defendants from opinion and award entered 28 October 2005 by Commissioner Dianne C. Sellers for the North Carolina Industrial Commission. Heard in the Court of Appeals 8 May 2007.

*Lennon & Camak, PLLC, by George W. Lennon and S. Neal Camak, for plaintiff-appellant/cross appellee.*

*Young Moore and Henderson P.A., by Zachary C. Bolen, for defendants-appellees/cross appellants.*

TYSON, Judge.

David J. Ward ("plaintiff") appeals from the Full Commission of the North Carolina Industrial Commission's ("the Commission") opinion and award entered finding plaintiff had not sustained a compensable change of condition. Floors Perfect and Penn National Insurance (collectively, "defendants") cross appeal. We affirm in part, reverse in part, and remand.

## I. Background

Plaintiff was the owner and operator of Floors Perfect. Plaintiff installed carpet, vinyl tile, and linoleum from 1985 to 1997. Plaintiff stopped performing flooring work in September 1997, but continued to operate his business by hiring others to perform the work. In 1998, plaintiff sought further education and stopped working due to pain in his knees. Plaintiff began attending Vance Granville Community College and obtained a General Associate of Arts degree in June 2001.

After incurring an injury on 27 August 1997, plaintiff filed a claim for workers' compensation benefits. Plaintiff presented deposition testimony taken 27 July 1999 of his treating physician Dr. G. Hadley Callaway ("Dr. Callaway"), an orthopedic surgeon. On 8 February 2001, the Commission entered an opinion and award. The Commission determined plaintiff had developed a compensable occupational disease in both knees, but that a medial meniscus tear was not compensable. The Commission concluded:

1. As a result of his employment, plaintiff has developed a compensable occupational disease, *bilateral patellofemoral pain,* a condition which is due to causes and conditions peculiar to his employment and which is not a condition to which the general public is equally exposed. N.C. Gen. Stat. § 97-53(13).

2. Subject to the limitations of N.C. Gen. Stat. § 97-25.1, defendants are responsible for payment of all reasonably necessary medical expenses which tend to effect a cure, provide relief or lessen the period of plaintiffs disability which are incurred for plaintiff's treatment of his bilateral patellofemoral pain. N.C. Gen. Stat. § 97-2(19), 97-25.

3. *Plaintiff has not suffered any loss of wage earning capacity as a result of his bilateral patellofemoral pain* since plaintiff has failed to prove by the greater weight that he is incapable of work in any employment or that he is capable of some work but has been unsuccessful after making reasonable efforts to locate employment. Moreover, plaintiff voluntarily removed himself from the labor market to pursue his education and the greater weight of the evidence fails to establish any periods of time for which he would be entitled to benefits for either temporary partial or total disability. N.C. Gen. Stat. § 97-29. *Russell v. Lowes Prod. Distrib.,* 108 N.C. App. 762, 425 S.E.2d 545 (1993).

4. Plaintiff has reached maximum medical improvement from his bilateral patellofemoral pain and has sustained a five percent permanent impairment to his right leg and a two and one-half percent permanent impairment to his left leg for which he is entitled to compensation pursuant to N.C. Gen. Stat. § 97-31(15).

(Emphasis supplied). Plaintiff appealed the Commission's opinion and award and this Court affirmed the Commission's decision. *See Ward v. Floors Perfect,* 151 N.C. App. 752, 567 S.E.2d 465 (2002) (unpublished), *disc. rev. denied,* 357 N.C. 169, 581 S.E.2d 756

(2003). On 19 May 2003, defendants submitted a Form 28B indicating their payment in full to plaintiff for a 5% permanent partial impairment rating to his right leg and a 2.5% permanent partial impairment rating to his left leg.

On 13 June 2003, plaintiff alleged a "change of condition" pursuant N.C. Gen. Stat. § 97-47. The matter was heard before Deputy Commissioner Phillip A. Holmes ("Deputy Holmes") on 10 December 2003. Plaintiff and Jane Johnson ("Johnson") testified before Deputy Holmes. Plaintiff also presented a second deposition of Dr. Callaway which was taken 2 April 2004. On 9 August 2004, Deputy Holmes filed an opinion and award wherein he concluded plaintiff had "undergone a change of condition affecting his wage-earning capacity." Defendants appealed Deputy Holmes's decision to the Full Commission.

On 28 October 2005, the Full Commission reviewed the transcript of the hearing before Deputy Holmes, the deposition testimony of Dr. Callaway, and concluded:

1. In order to establish a change of condition, plaintiff must show conditions different from those present at the time of the prior award. It is not sufficient to show "a continued capacity of the same kind and character and for the same injury." *Grantham v. R.G. Berry Corp.*, 127 N.C. App. 529, 491 S.E.2d 678 (1997), *cert. denied*, 347 N.C. 671, 500 S.E.2d 86 (1998). *Edwards v. John Smith & Sons*, 49 N.C. App. 191, 290 S.E.2d 569 (1980), *disc. rev. denied*, 301 N.C. 720, 274 S.E.2d 228 (1981). *Plaintiff has not proved he experienced a change of condition as his wage earning capacity was unchanged and any physical incapacity was of the same kind and character as existed at the time of the prior award.* N.C. Gen. Stat. § 97-47.

2. As a result of his compensable occupational disease, plaintiff was capable of returning to work earning diminished wages beginning November 6, 2002. Plaintiff is therefore entitled to temporary partial disability benefits beginning November 6, 2002 and continuing for 300 weeks from the date of plaintiff's contraction of an occupational disease on September 9, 1997, at a rate to be determined hereafter. As plaintiff has received 15 weeks of temporary partial disability benefits, defendants are entitled to a credit of 15 weeks for temporary partial disability benefits already paid. N.C. Gen. Stat. § 97-30.

3. Plaintiff is entitled to reasonably necessary medical treatment, related to his compensable occupational disease which tends to effect a cure, provide relief or lessen the period of plaintiff's disability. Plaintiff is not entitled to arthroscopic surgery as the purpose of that surgery is to repair the non-compensable tear to plaintiff's medial meniscus. N.C. Gen. Stat. §§ 97-2(19), 97-25,97-25.1.

(Emphasis supplied). Plaintiff appeals. Defendants cross appeal.

## II.  Issues

Plaintiff argues the Commission erred by failing to find and conclude: (1) he suffered a compensable change of condition; (2) he was entitled to benefits pursuant to N.C. Gen. Stat. § 97-29; and (3) his arthroscopic knee surgery is a compensable component of his claim. Defendants argue the Commission erred by awarding additional temporary partial disability compensation despite finding that plaintiff had not proven he sustained a change of condition.

## III.  Standard of Review

Our Supreme Court has stated:

[W]hen reviewing Industrial Commission decisions, appellate courts must examine *"whether any competent evidence supports the Commission's findings of fact and whether [those] findings . . . support the Commission's conclusions of law."* The Commission's findings of fact are conclusive on appeal when supported by such competent evidence, "even though there [is] evidence that would support findings to the contrary."

*McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004) (emphasis supplied) (quoting *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000); *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965)). "The full Commission is the sole judge of the weight and credibility of the evidence[.]" *Deese*, 352 N.C. at 116, 530 S.E.2d at 553.

Our Supreme Court also stated, "Whether there has been a change of condition is a question of fact; *whether the facts found amount to a change of condition is a question of law." Pratt v. Upholstery Co.*, 252 N.C. 716, 722, 115 S.E.2d 27, 33-34 (1960) (emphasis supplied).

IV.  Plaintiff's Assignments of Error

A.  Change of Condition

**[1]** Plaintiff argues a change of condition has occurred pursuant to N.C. Gen. Stat. § 97-47. Plaintiff asserts he has suffered a substantial loss of wage earning capacity because he has not earned the same wages he earned prior to the injury. Plaintiff also asserts a change of condition has occurred because his physical condition has worsened since the original hearing. We disagree.

A change of condition occurs where conditions are " 'different from those existent when the award was made; and *a continued incapacity of the same kind and character and for the same injury is not a change of condition* . . . the change must be actual, and not a mere change of opinion with respect to a pre-existing condition.' " *Id.* at 722, 115 S.E.2d at 33 (emphasis supplied) (internal quotation omitted).

This Court has stated:

Section 97-47 of the North Carolina General Statutes provides that upon the application of an interested party on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded. A change of condition for purposes of section 97-47 means a substantial change, after final award of compensation, of physical capacity to earn[.] *The change in earning capacity must be due to conditions different from those existing when the award was made.*

This change in condition can consist of either *a change in the claimant's physical condition that impacts his earning capacity, a change in the claimant's earning capacity even though claimant's physical condition remains unchanged,* or a change in the degree of disability even though claimant's physical condition remains unchanged.

*The party seeking to modify an award based on a change of condition bears the burden of proving that a new condition exists and that it is causally related to the injury upon which the award is based.*

*Cummings v. Burroughs Wellcome Co.,* 130 N.C. App. 88, 90-91, 502 S.E.2d 26, 28-29 (emphasis supplied) (internal quotations and

citations omitted), *disc. rev. denied*, 349 N.C. 355, 517 S.E.2d 890 (1998).

Here, the Commission concluded as a matter of law that, "Plaintiff has not proved he experienced a change of condition as *his wage earning capacity was unchanged and any physical incapacity was of the same kind and character as existed at the time of the prior award.*" (Emphasis supplied). The initial question is whether this conclusion of law is supported by the Commission's findings of fact. *McRae*, 358 N.C. at 496, 597 S.E.2d at 700.

This conclusion is supported by competent evidence in the record and the Commission's finding that, "Dr. Callaway stated that any incapacity for work plaintiff has at present is of the same kind and character as he had in July 1999[.]" This finding of fact shows plaintiff failed to prove he suffered a change of condition because "*a continued incapacity of the same kind and character and for the same injury is not a change of condition.*" *Pratt*, 252 N.C. at 722, 115 S.E.2d.at 33 (emphasis supplied).

If the Commission's finding of fact is supported by "any competent evidence" it is "conclusive on appeal . . . even though there [is] evidence that would support findings to the contrary." *McRae*, 358 N.C. at 496, 597 S.E.2d at 700 (internal quotation omitted). During Dr. Callaway's second deposition on 2 April 2004 he agreed: (1) with his previous diagnosis in July 1999 that plaintiff's "knee pain would be chronic;" (2) plaintiff was still unable to return to flooring work on 2 April 2004 as was the case in July 1999; (3) plaintiff's work restrictions at present would be the same as they were in July 1999; and (4) plaintiff's incapacity for work were of the same kind and character as existed in July 1999.

Dr. Callaway's testimony is competent evidence to support the Commission's finding of fact that "any incapacity for work plaintiff has at present is of the same kind and character as he had in July 1999[.]" Where competent evidence supports this finding of fact it is "conclusive on appeal" and also supports the trial court's conclusion of law that plaintiff's "wage earning capacity was unchanged and any physical incapacity was of the same kind and character as existed at the time of the prior award." *Id.* at 496, 597 S.E.2d at 700. This finding of fact and conclusion of law shows plaintiff failed to prove he suffered a change of condition because "a continued incapacity of the same kind and character and for the same injury is not a change of condition." *Pratt*, 252 N.C. at 722, 115 S.E.2d at 33 (emphasis supplied). This assignment of error is overruled.

WARD v. FLOORS PERFECT

[183 N.C. App. 541 (2007)]

## B. N.C. Gen. Stat. § 97-29

**[2]** Plaintiff argues the Commission erred when it failed to find and conclude he was entitled to benefits pursuant to N.C. Gen. Stat. § 97-29 (2005). We disagree.

On 8 February 2001, the Commission entered an opinion and award and concluded, "As a result of his employment, plaintiff has developed a compensable occupational disease, *bilateral patellofemoral pain*[.]" (Emphasis supplied.) This Court affirmed the Commission's decision and order. *Ward v. Floors Perfect*, 151 N.C. App. 752, 567 S.E.2d 465 (2002) (unpublished), *disc. rev. denied*, 357 N.C. 169, 581 S.E.2d 756 (2003). On 19 May 2003, defendants filed a Form 28B indicating their payment in full to plaintiff for a 5% permanent partial impairment rating to his right leg and a 2.5% permanent partial impairment rating to his left leg.

N.C. Gen. Stat. § 97-47 provides the Commission with the authority to review and modify a prior award on the ground that there has been a "change of condition." N.C. Gen. Stat. § 97-47 (2005). Our Supreme Court has held, "*The only method* by which . . . a change in the award [can] be made is that provided by [N.C. Gen. Stat. § 97-47]." *Murray v. Knitting Co.*, 214 N.C. 437, 440, 199 S.E. 609, 611 (1938) (emphasis supplied); *see Watkins v. Central Motor Lines, Inc.*, 10 N.C. App. 486, 491, 179 S.E.2d 130, 134 (There is no basis for altering a final award of compensation, other than that provided by N.C. Gen. Stat. § 97-47.), *rev'd on other grounds*, 279 N.C. 132, 181 S.E.2d 588 (1971).

On 13 June 2003, plaintiff alleged a "change of condition" pursuant to N.C. Gen. Stat. § 97-47. The Commission concluded and we agree that, "Plaintiff has not proved he experienced a change of condition[.]" Plaintiff argues he is entitled to more benefits pursuant to N.C. Gen. Stat. § 97-29. We disagree. As noted, "*The only method* by which . . . a change in the award [can] be made is that provided by [N.C. Gen. Stat. § 97-47]." *Murray*, 214 N.C. at 440, 199 S.E. at 611 (emphasis supplied). Plaintiff's award cannot be modified because he has failed to prove a change of condition under N.C. Gen. Stat. § 97-47. This assignment of error is overruled.

## C. Arthroscopic Knee Surgery

**[3]** Plaintiff argues the Commission erred by concluding arthroscopic knee surgery is not a compensable component of his claim.

**WARD v. FLOORS PERFECT**

[183 N.C. App. 541 (2007)]

Plaintiff asserts the Commission's findings of fact that attribute the need for arthroscopic knee surgery to a torn medial meniscus are unsupported by any competent evidence. We disagree.

If the Commission's findings of fact are supported by "any competent evidence" they are "conclusive on appeal . . . even though there [is] evidence that would support findings to the contrary." *McRae*, 358 N.C. at 496, 597 S.E.2d at 700 (internal quotations omitted).

Plaintiff has been diagnosed with two conditions in his knees: (1) compensable bilateral patellofemoral pain in both knees and (2) a non compensable torn medial meniscus. Dr. Callaway stated in a 9 May 2003 medical assessment:

> I feel at this point we should go ahead with arthroscopic evaluation and possible medial meniscectomy. We talked about the type of surgery and the risks and benefits in detail today, and he agreed to proceed. *I told him some of his pain may be due to patellofemoral problems or arthritis which would not be cured by an arthroscopy.* He expressed understanding and still agreed to proceed.

(Emphasis supplied). Dr. Callaway also stated, "Due to continued pain, *possibly caused by the posterior horn medial meniscus tear* seen on MRI scan 7/22/99, I have recommended that [plaintiff] undergo arthroscopic evaluation with possible medial meniscectomy." (Emphasis supplied).

Based upon competent evidence in the record, the Commission found:

> 7. Plaintiff did not return to see Dr. Callaway or otherwise seek medical treatment for his knees for almost a year until February 18, 1999 when he returned to see Dr. Callaway. At that time Dr. Callaway recommended an MRI. . . . The MRI . . . showed a small medial meniscus tear, which Dr. Callaway did not attribute to plaintiff's work. *Dr. Callaway recommended arthroscopic surgery to repair the medial meniscus tear.*
>
> . . . .
>
> 10. As a proximate result of his injuries, plaintiff will require future medical care and treatment for the occupational disease affecting both his knees. However, *this treatment does not include the arthroscopic surgery Dr. Callaway recommended,*

*as the purpose of the surgery is to repair the medial meniscus tear, which is a non-compensable injury.*

(Emphasis supplied).

The Commission concluded as a matter of law:

3. Plaintiff is entitled to reasonably necessary medical treatment, related to his compensable occupational disease which tends to effect a cure, provide relief or lessen the period of plaintiff's disability. *Plaintiff is not entitled to arthroscopic surgery as the purpose of that surgery is to repair the non-compensable tear to plaintiff's medial meniscus.* N.C. Gen. Stat. §§ 97-2(19), 97-25, 97-25.1.

(Emphasis supplied).

The Commission's findings of fact are supported by competent evidence. These findings of fact support the Commission's conclusion that, "Plaintiff is not entitled to arthroscopic surgery as the purpose of that surgery is to repair the non-compensable tear to plaintiff's medial meniscus." This assignment of error is overruled.

### V. Defendants' Assignment of Error

#### A. Additional Temporary Partial Disability Compensation

[4] In their cross appeal, defendants argue the Commission erred by awarding plaintiff additional disability compensation despite finding that he failed to prove he had sustained a change of condition pursuant to N.C. Gen. Stat. § 97-47. Defendants assert the Commission may only modify a prior award after plaintiff proves a change of condition has occurred. We agree.

The Commission properly concluded and we agree that, "Plaintiff has not proved he experienced a change of condition[.]" The Commission then concluded:

2. As a result of his compensable occupational disease, plaintiff was capable of returning to work earning diminished wages beginning November 6, 2002. *Plaintiff is therefore entitled to temporary partial disability benefits beginning November 6, 2002 and continuing for 300 weeks from the date of plaintiff's contraction of an occupational disease on September 9, 1997, at a rate to be determined hereafter.* As plaintiff has received 15 weeks of temporary partial disability benefits, defendants are

entitled to a credit of 15 weeks for temporary partial disability benefits already paid. N.C. Gen. Stat. § 97-30.

(Emphasis supplied.).

As noted above, N.C. Gen. Stat. § 97-47 provides the Commission with the authority to review and modify a prior award on the ground that there has been a "change of condition." N.C. Gen. Stat. § 97-47. Our Supreme Court has held, *"The only method* by which . . . a change in the award [can] be made is that provided by [N.C. Gen. Stat. § 97-47]." *Murray*, 214 N.C. at 440, 199 S.E. at 611 (emphasis supplied); *see Watkins*, 10 N.C. App. at 491, 179 S.E.2d at 134 (There is no basis for altering a final award of compensation, other than that provided by N.C. Gen. Stat. § 97-47.). That portion of the Commission's opinion and award awarding plaintiff further benefits is reversed.

## VI. Conclusion

We affirm that portion of the Commission's opinion and award that concluded plaintiff had failed to prove he had experienced a change of condition pursuant to N.C. Gen. Stat. § 97-47. We also affirm the Commission's conclusion that "[p]laintiff is not entitled to arthroscopic surgery as the purpose of that surgery is to repair the non-compensable tear to plaintiff's medial meniscus."

We reverse that portion of the Commission's opinion and award that modified plaintiff's award and granted plaintiff additional temporary partial disability benefits. The matter is remanded to the Commission for entry of an opinion and award consistent with this opinion.

Affirmed in part, Reversed in part and Remanded.

Judge CALABRIA concurs.

Judge WYNN dissents by separate opinion.

WYNN, Judge, dissenting.

The majority emphasizes the language in *Pratt* for the proposition that "a continued incapacity of the same kind and character and for the same injury is not a change of condition." However, in deciding *Pratt* over forty-seven years ago, our Supreme Court further stated:

Whether there has been a change of condition is a question of fact; whether the facts found amount to a change of condition is a question of law. Change of condition is a substantial change, after a final award of compensation, of physical capacity to earn and, in some cases, of earnings.

Indeed, a "change of condition can consist of either a change in claimant's physical condition that impacts his earning capacity, a change in the claimant's earning capacity even though claimant's physical condition remains unchanged, or a change in the degree of disability even though claimant's physical condition remains unchanged." *Cummings v. Burroughs Wellcome Co.*, 130 N.C. App. 88, 91, 502 S.E.2d 26, 29 (1998) (quoting *Blair v. American Television & Communications Corp.*, 124 N.C. App. 420, 423, 477 S.E.2d 190, 192 (1996)).

As the party seeking to modify an award based on a change of condition, Plaintiff "bears the burden of proving that a new condition exists and that it is causally related to the injury upon which the award is based." *Id.* A plaintiff may meet this burden by producing:

(1) medical evidence that the claimant is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) evidence that the claimant is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) evidence that the claimant is capable of some work but that it would be futile because of preexisting conditions i.e., age, inexperience, lack of education, to seek other employment; or (4) evidence that the claimant has obtained other employment at a wage less than that earned prior to the injury.

*Shingleton v. Kobacker Group*, 148 N.C. App. 667, 671, 559 S.E.2d 277, 280 (2002) (internal quotations and citation omitted).

Our Supreme Court has stated:

The burden of production and the quantum of evidence that must be shown to overcome a presumption is stated in Rule 301 of the North Carolina Rules of Evidence: In all civil actions and proceedings when not otherwise provided for by statute, by judicial decision, or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption . . . . The burden of going

forward is satisfied by the introduction of evidence sufficient to permit reasonable minds to conclude that the presumed fact does not exist. If the party against whom a presumption operates fails to meet the burden of producing evidence, the presumed fact shall be deemed proved[.]

*Dobson v. Harris*, 352 N.C. 77, 84-85, 530 S.E.2d 829, 836 (2000) (quoting N.C. Gen. Stat. § 8C-1, Rule 301).

The "proof of the basic fact . . . not only discharges the proponent's burden of producing evidence of the presumed fact [good faith] but also places upon the opponent the burden of producing evidence that the presumed fact does not exist." *Id.* at 85, 530 S.E.2d at 836. Furthermore, "if the opponent does not introduce any evidence, or the evidence is not sufficient to permit reasonable minds to conclude that the presumed fact does not exist, the proponent is entitled to a peremptory instruction that the presumed fact shall be deemed proved." *Id.*

Here, Plaintiff met his burden of showing evidence that he "has obtained other employment at a wage less than that earned prior to the injury." *Id.* The record shows that Plaintiff testified that his earnings prior to his injuries were $50,000.00 annually, but that after his injuries, his estimated earnings were $15,000.00.[1] According to the Industrial Commissions' findings of fact, Plaintiff worked as: a forklift operator, leaving the position after two weeks due to the pain to his knees caused by getting on and off the forklift; a floor installer, completing fifteen installations; a door-to-door meat product salesperson for Omega meats, leaving the position after two months because of aggravation to his knees; an operator of a lawn-mowing business, also leaving the position after aggravation to his knees; and a salesperson for carpet and tile. Additionally, Plaintiff submitted a job search log to show his attempts to secure employment. Moreover, Plaintiff applied and/or inquired about sixteen different jobs without being offered a position at any of those locations. Clearly, Plaintiff showed that he made a reasonable effort to secure employment but was unsuccessful.

Accordingly, the Industrial Commission erred by concluding that Plaintiff failed to prove a change of condition pursuant to Section 97-47 of the North Carolina General Statutes.

---

1. The estimated period of time for these earnings was from the middle of 2002 to the middle of 2003.